PETITION OF HERBERT E. LEWIS *et al.* for an Opinion of the Court.

Bequest as follows: " I also hold a note of hand for the amount of six hundred dollars against B. T. L., the same of which he does pay he is to have six hundred dollars in money in lieu of the said note."
The testator before his death gave this note to B. T. L.
*Held,* that B. T. L. was entitled to the legacy of six hundred dollars.
Testamentary disposition as follows : —
8. " I give and bequeath to my wife, P. L. L., after all my just debts and funeral charges are paid, all of my remaining property during her natural life and widowhood.
10. " I . . . do appoint B. T. L. executor of my last will and testament, to dispose of all my real estate and personal property that I am possessed of at my decease, and what remains of that property to be divided between equally my three sons, M. D. L., D. C. L., and B. T. L.
11. " I . . . direct that after the decease of my wife, P. L. L., that after all the debts

and funeral charges are paid, that what remains to be equally divided between my seven children, to be paid by my executor."

B. T. L. qualified as executor and died in 1888. The testator's widow, P. L. L., died in 1889, and at her death the administrator *de bonis non* held a fund derived partly from sales of realty and personalty by the executor, and partly from personalty in which the widow had a life estate. The will was before this court in *Lewis* v. *Douglass*, 14 R. I. 604.

*Held*, that so much of the fund as was derived from the sale of the testator's homestead, and of realty acquired by the testator after the date of the will, was to be distributed under clause 10; and that so much as was derived from other realty held by the testator at the date of the will, or from his personalty at the time of his death, was to be distributed under clause 11.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*Providence, February* 20, 1892. STINESS, J. The case stated calls for a construction of the will of Moses B. Lewis, late of Hopkinton, deceased. The clauses in question, numbered for convenience of reference, are as follows : —

1. " I give, devise, and bequeath to my wife, Phebe L. Lewis, the interest of twenty-six hundred dollars in the First National Bank in Hopkinton, R. I., and also the privilege of the south half of the house and also the south garden, . . . and also all the household furniture, for her own personal benefit during her natural life or widowhood, and after her decease to have a set of tombstones, to be of Italian marble, to be worth forty dollars or more, as the case may require. I, Moses B. Lewis, to have a set of tombstones of the same dimensions.

6. " I also hold a note of hand for the amount of six hundred dollars against Benjamin T. Lewis, the same of which he does pay he is to have six hundred dollars in money in lieu of the said note.

8. " I give and bequeath to my wife, Phebe L. Lewis, after all my just debts and funeral charges are paid, all of my remaining property during her natural life and widowhood.

10. " I, Moses B. Lewis, do appoint Benjamin T. Lewis executor of my last will and testament, to dispose of all my real estate and personal property that I am possessed of at my decease, and what remains of that property to be divided between equally my three sons, Moses D. Lewis, Daniel C. Lewis, and Benjamin T. Lewis.

11. " I, Moses B. Lewis, direct that after the decease of my wife,

Phebe L. Lewis, that after all the debts and funeral charges are paid, that what remains to be equally divided between my seven children, to be paid by my executor."

Benjamin T. Lewis, named above, was appointed executor, and so continued until his death in 1888. Before the death of the testator, the note for six hundred dollars above referred to was given by him to his son Benjamin, who subsequently, as executor, paid the legacy of six hundred dollars to himself. The widow died in 1889. The first question is, whether Benjamin was entitled to said legacy, not having paid the note; or whether the said sum shall now be retained by the administrator from the amount due to his representatives. We think the gift of the note by the testator stands in place of payment, leaving him entitled to the legacy. The testator, knowing the condition on which the legacy was made, saw fit to make a gift of the note, without changing the terms of the will. The condition being thus removed by his own act and no debt remaining to be paid, the natural inference is that the testator intended to leave the six hundred dollars as an absolute legacy. Under the other clauses quoted above, the question is asked whether the three sons take the residue of the estate, other than the bank stock and furniture set apart for the widow, or whether all the children are entitled to share equally in the distribution of the remainder in the hands of the administrator. We find here three residuary clauses : first, the gift to the widow for life ; second, to the sons ; and third, to all the children. In *Lewis* v. *Douglass*, 14 R. I. 604, this will came before this court in an action of trespass and ejectment by the widow, who claimed, under the first residuary clause, a right of possession to the whole homestead estate, which had been sold subject to the reservation in her favor contained in the first clause of the will. It was held that the specific description of the part the widow was to have in the homestead estate, in the first clause, precluded the presumption of an intent to give her the whole under the residuary clause, which thus covered only the residue of the testator's property not required for the payment of debts and legacies. The effect of the decision was, that the sons held the fee of the homestead, subject to the privilege granted to the widow ; and that the widow took only that interest in the homestead, together with real estate not devised, if any,

owned by the testator at the execution of the will, and the remainder of the personal property, for life.

The statement shows that the administrator now has in his hands over five thousand dollars; a portion of which came from the sale of real and personal estate by the executor, and the remaining portion from the personal estate of which the widow had the use during her life. Two claims are made with reference to the distribution of this fund. The sons claim the whole of it under the tenth clause of the will; and the daughters claim that it should be equally divided among all the children, under the eleventh clause. In the previous case the court construed the residuary bequest to the sons to relate to after-acquired property, and we see no reason to question the correctness of such construction. The clause contemplates an immediate sale and distribution to the sons, independently of the decease of the widow; while the general gift to all the children indicates the division of what was left to the widow, after her decease. Moreover, it points directly to property possessed by him at the time of his death. Viewed in this light, effect can be given to both clauses; for the executor is authorized to sell the homestead, subject to the widow's use for life, and also after-acquired real estate, and to distribute the proceeds to the sons; and, after the death of the widow, to distribute "what remains" of the portion bequeathed to her for life among all the children. The expression, "after-acquired property," relates only to real estate; for the reason that, as to personal property, a will speaks from the death of the testator and as to real estate from the execution of the will. *Canfield* v. *Bostwick*, 21 Conn. 550; *Haven* v. *Foster*, 14 Pick. 534; *Winchester* v. *Forster*, 3 Cush. 366; *Warner's Executors* v. *Swearingen & Wife*, 6 Dana, 195; 1 Jarman on Wills, 5th Amer. ed. by Randolph & Talcott, 593, 600, n. 3. Pub. Stat. R. I. cap. 182, § 1, relates only to real estate. Consequently that part of the fund held by the administrator which came from the sale of the homestead, or of other real estate acquired by the testator after the date of the will, is distributable under the tenth clause to the three sons; and that part which came from the other real estate held by the testator at the date of the will, or from the personal estate of the testator at the time of his death, is distributable among all the children, under the

eleventh clause, with a proper deduction for tombstones as required by the will.

*Charles Perrin, Nathan B. Lewis & Albert B. Crafts*, for different petitioners.