### Canfield *against* Bostwick and others.

As a general rule, legacies are to be paid out of the personal estate.

It is also a general rule, that a will speaks from the death of the testator, and not from its date, unless its language, by a fair construction, indicates the contrary intention.

Where the testatrix gave sundry legacies to her grandchildren, and devised the *residuum* of her *real* estate to her children; and it also appeared, that at the making of her will, she owned no personal estate, though she became the owner of such estate before her death; it was held, that such legacies were payable out of the personal estate.

Parol evidence is not admissible to vary the construction of a will, where there is no ambiguity created by the application of extraneous circumstances.

Where an additional inventory was exhibited, in the course of administration, and the only article therein complained of, was a muff, found to be worth one dollar, seventy-five cents, which was sold for two dollars, and the avails duly applied; it was held, that this was not a sufficient ground for reversing the decree appealed from; the remedy of the appellant, if he was entitled to any, being by suit on the probate bond.

Where the administrators, in the settlement of their administration account, included two dollars, fifty cents, for services then future, though necessary to be rendered; there being in this no unfairness, nor injury to the estate, but a matter of convenience and economy; it was held, that this was not a sufficient ground of reversal.

But where the administration account included, as fees of the judge of probate, fifty cents, each, for a *finding* on the return of the inventory and order of sale, on the approval of the sale, on the return of notice, and on the return of a sale of real estate; it was held, 1. that the services for which these charges were made, were included in other services, enumerated in the table of fees; 2. that the charges therein specified contained *all* the charges allowable by law to judges of probate and their clerks; 3. that the appellant being heir at law and devisee, could avail himself of this objection; 4. that consequently, the decree of probate should be reversed to that extent, and in other respects affirmed.

THIS was an appeal from a decree of the court of probate for the district of *New Milford*, passed *May* 11th, 1850.

*Betsey Canfield*, of *New Milford*, on the 14th day of *October*, 1847, made her last will and testament, by which, after providing for the payment of her just debts and funeral charges out of any estate that she should leave at her decease, she bequeathed to her grandchildren the following legacies : to *Henry Bostwick* and *Elizabeth Bostwick*, one hundred dollars, each; to *Walter Bostwick*, two hundred dollars; to *Samuel Northrop, Lawrence Northrop*, and *Cyrus Northrop*, one hundred dollars, each; to *Mary Elizabeth Dunderdale*, one hundred dollars ; to *Martha M. Booth*, one hundred dollars; and to *Henry Seymour Mygatt*, one hundred dollars : the above legacies to be paid to the legatees or guardians, in one year after her decease. The testatrix then gave and bequeathed the remainder and residue of her estate real, to be divided equally between her beloved daughter *Betsey Booth* and her beloved son *Royal J. Canfield*; that part of the bequest to *Royal J. Canfield* in this will, to be given to *Betsey Booth*, at the decease of *Royal J. Canfield*, or to *Betsey Booth's* heirs.

The decree appealed from ordered the personal estate, owned by Mrs. *Canfield*, at her decease, after the payment

of her debts and the expenses of settling her estate, to be applied to the payment of the legacies given by her will.

At the hearing before the superior court, at *Litchfield, August* term, 1851, the following facts were found. *Royal J. Canfield,* the appellant, is one of the children and heirs at law of *Betsey Canfield,* the testatrix, and one of the devisees under her will. The appellant offered parol evidence to prove, that the testatrix, when she made her will, was a married woman, and the wife of *Ithamar Canfield,* since deceased; and that, at that time, she was not the owner of any personal estate, and especially of the personal estate included in the inventory of her estate since made, but that the personal estate thus inventoried was the proper estate of her husband. To this evidence the appellees objected; but the court admitted it.

The appellant also introduced Dr. *Jehiel Williams,* as a witness, who testified, that he drew up the will of the testatrix, and read it to her, as originally written, when she objected to the word " personal" then contained in it, remarking, that " she had no personal estate, and if she should have any hereafter, she could dispose of it, when she got it ;" whereupon he erased from the original draft the words " both" and " personal ;" after which she executed the instrument, and published it as her will. To the admission of this evidence the appellees objected; and thereupon the court rejected it, subject to the opinion of this court.

When the will was so executed by Mrs. *Canfield,* she was not the owner of any personal estate, but the personal estate contained in the inventory which was returned to the court of probate, was in fact the proper estate of her husband, who was then living, and upon his death, which took place afterwards, it was distributed to her, as his widow. After it was thus distributed to her, and had come into her possession, she made no farther disposition thereof, by will or otherwise ; nor did she make any alteration in or revocation of her will.

The charges made by the administrators in their administration account, which were approved by the court of probate, for time by them spent and expenses paid by them, in the settlement of such estate, were true, reasonable and proper, with the exception of the following charges of the judge of

probate : a finding of the court on the return of the inven-
tory of said estate, and also on the return of the order of
sale of the personal estate, one dollar ; a finding of the
court upon a report of commissioners, fifty cents ; a finding
of the court, approving the sale of personal estate, fifty cents ;
a finding of the court on return of notice, fifty cents ; a
finding of the court on return of order of sale of real estate,
fifty cents.   And also in said account are included, as part
of the future and anticipated expenses and fees of court,
the following charges, *viz.*, order of distribution, seventy-
five cents ; approving the same, seventy-five cents ; re-
cording the same, one dollar.   Though the last mentioned
services had not then been performed, yet in making the
charges, the judge of probate acted in good faith, and in
conformity with common usage.

The muff mentioned in the administration account, and
embraced in an additional inventory, was of the value of
one dollar and seventy-five cents, and no more ; and it was
sold, by the administrators, for two dollars, and the avails
thereof were by them fully accounted for to the court of
probate, together with the rest of the additional inventory ;
and this without injury to the estate.

The several questions arising upon the record were re-
served for the advice of this court.

*Sanford* and *Orton*, for the appellant.

*Seymour* and *Harrison*, for the appellees.

ELLSWORTH, J.   We think there is no error in the decree
of probate, ordering the payment of legacies out of the
personal estate.

The general rule of law has not been questioned ; but it
is said, the rule does not apply to this case, because, at the
time the will was made, the testatrix had no personal prop-
erty to pay the legacies with ; and besides, after giving the
legacies, she gives " the remainder and residue of her *real*
estate."

A will speaks from the death of the testator, and not from
its date, unless its language, by fair construction, indicates

*Litchfield,*
June, 1852.

Canfield
*v.*
Bostwick.

the contrary intention. That may be by words of description, or by reference to an actual existing state of things. 1 *Jarm. on Wills,* 277 : hence a devise of personal property, generally, carries *all* the testator had, at the time of his death. The same would have been true of real estate, had it not been held, that in *England,* a devise of real estate was considered to be, in the nature of an appointment, which could not be made in relation to future acquired estate. The rule was the same here, until our late statute was passed ; but the rule has been abolished here and in *England,* and there is now no difference between real and personal estate.

The argument of the appellant's counsel, then, fails, if this will speaks, as we hold it does, from the death of the testatrix, and not from its date.

We discover no records which controul the general principle, that legacies are to be paid out of the personal estate of the testator. In this will, the legacies are given generally. There is no provision exempting the personal property from their payment ; and we see nothing in the language used, nor in the dispositions in the will, which induces us to depart from the general rule, and so make the legacies a charge on the real estate. Nor does the fact, that the testatrix had no personal property, when she executed her will, make any difference. She had, when the will is held to speak ; and that is sufficient : and besides, after she acquired the property which she had at her death, she might have altered her will, and charged the legacies, contrary to the presumption of law, on a different fund. Perhaps this was her intention ; but we cannot *presume* it was, nor can we let in parol proof to establish it.

But it is said, the form of the residuary bequest of the real estate, proves that such was her intention, and that that appears from the will itself. It is true, the words " remainder and residue of my estate *real,*" are used. But these words are not words of exemption ; something more clear and decisive is necessary to do that, and break in upon a well settled principle of law. Indeed, it is much more of a question, had it been pressed upon us, whether, according to the course of decisions, the real estate was charged with the legacies, at all. *Gridley* v. *Andrews,* 8 *Conn. R.* 1. *Swift* v. *Edson,* 5 *Conn. R.* 531. *Saunders* v. *Mathewson,* 11 *Conn.*

R. 148. *Kightley* v. *Kightley*, 2 *Ves. jun.* 328. *Keeling* v. *Brown*, 5 *Ves.* 359. *Lupton* v. *Lupton*, 2 *Johns. Ch. R.* 614. *Pow. Dev.* 122.

*Litchfield*, June, 1852.

Canfield. *v.* Bostwick.

The superior court was correct in rejecting the testimony of *Jehiel Williams.* There is no ambiguity raised on the provisions of the will, to let in such proof. The truth is, this appellant is attempting to deny and controul the will, by parol proof, rather than to explain away any ambiguity created by extraneous circumstances applied to it. He wishes to show, that the will is to take effect from its date, and not from the death of the testatrix; which is no ambiguity of any kind.

It is further said, the judge of probate erred in allowing a credit to the estate, in the administration account, of forty-four dollars, in an additional inventory. This was made, upon the discovery of a few articles, after the principal inventory had been made and returned. It was not signed by the appraisers; nor had they placed a valuation upon the property in it; or this omission, it is said, should have induced a rejection of the credit. The court find, that this new discovered property has been fully applied, and that there has been no fraud or unfairness; and especially do they find, that the only specific article in the new inventory complained of, is a muff, worth one dollar, seventy-five cents, and that it was sold for two dollars, and duly applied. Now, without deciding whether an additional inventory must, in every case, be made and sworn to, as if it were the primary inventory, in order to save a breach of the probate bond, we are fully satisfied no such objection lies here. The account properly embraces this charge against the administrators; and since the property is now sold, and cannot be appraised by the appraisers, if the appellant is entitled to relief, it must be by a suit on the bond.

It is again said, that in the account, the court allowed a charge against the estate of three items, amounting to two dollars, fifty cents, for services then future, although they were certainly to be rendered, and that this was illegal. We do not so apprehend it. If those charges are to be made, the court would, if it approved of it, then allow them to be made in the final administration account, as a matter of convenience and economy. There was no unfairness in this.

HARVARD LAW SCHOOL LIBRARY

*Litchfield,*
June, 1852.
_____
Canfield
*v.*
Bostwick.

and no injury to the estate; and nothing is more common than for an administrator, in closing up his account, to charge certain ascertained future disbursements, *e. g.*, as for a monument, taxes, &c. Whatever is left in his hands, by permission of the judge, he is responsible for on his bond.

The remaining objection, to certain fees of the probate judge, we think is well founded and unanswerable; and to that extent, we advise the superior court to reverse the decree. Those fees are fifty cents each, for a *finding*, on the return of the inventory and order of sale, on the approval of the sale, on the return of notice, and on the return of sale of real estate. These "*findings*," as items of distinct charge, are not to be found in the statute bill of fees, and we cannot sanction them. The services of the judge, in this particular, are *included* in other enumerated services for which fees are allowed. Thus, a *finding* on the return of inventory, is included in the "receiving and probate of each inventory," for which a commission of fifteen cents is allowed on every one thousand dollars. So the *finding* on a return of the order of sale, is included in the "accepting a return of the sale of estate," for which fifty cents is allowed. The same is true of the remaining charges.

But there is another objection of a most decisive character. In the table of fees, *all* the fees to be taken by a judge of probate, are specifically put down. Fees for "findings," are not among them. And then, at the foot of that table, we find this emphatic provision: "The fees herein stated shall include *all* charges which may be made, by the judges of probate and their clerks, other than such as are allowed by some particular statute." We are aware, there is a practice somewhat extensive, to charge fees for "findings," and doubtless, the judge, in this instance, conformed to this practice, and, as he believed, to the law itself; but the charges are none the less incorrect, and cannot be allowed, by this court of dernier resort.

We think the appellant can make the objection on this appeal, since as heir and devisee, he is interested in the administration account.

We advise a reversal of the decree of probate, to the extent of the fees for said *findings*; and that in other respects, it be affirmed.

In this opinion the other judges concurred, except HINMAN, J., who thought, that the question of fees of the judge of probate, did not properly arise in this case.

*Litchfield, June, 1852.*

Canfield
*v.*
Bostwick.

Judgment affirmed in part, and reversed in part.