[Filed April 5, 1892.]

## HARRIET N. MORSE *v.* I. A. MACRUM ET AL.

WILLS — CONSTRUCTION — CUMULATIVE LEGACIES — DISTRIBUTION.— A testator, by one clause of his will, directed the sale of certain realty, one-half of the proceeds thereof to be turned over to H., as trustee, and the income thereof to be paid every three months to plaintiff during her lifetime, and made final disposition of the fund after plaintiff's death. By another clause, he bequeathed to H., as trustee, ten thousand dollars, the income thereof to be paid at the end of every three months to plaintiff, she to receive the sum of three hundred and seventy-five dollars per quarter therefrom. If the income derived from said ten thousand dollars does not reach three hundred and seventy-five dollars per quarter, then the deficiency is to be paid out of the residuary estate; *held,* that these are cumulative legacies, and that the deficiency in the income provided for in one clause, if any such deficiency shall arise, must be paid out of the residuary estate, and not out of the property named in the other clause.

ANNUITIES — DEFICIENCY IN LEGACIES — RESIDUARY ESTATE — FINAL SETTLEMENT.— A probable deficiency in an annuity provided for by a will being variable and undetermined in amount, there can be no final settlement of the estate until the death of the annuitant, where the will requires the deficiency to be made up from the residuary estate.

WILLS, WHEN TO TAKE EFFECT.— A will speaks from the death of the testator, and not from its date unless its language, by a fair construction, indicate a contrary effect.

ON REHEARING.—

The provisions of the will in question having been re-examined, it is *held* that the residuary estate mentioned in the twenty-third clause is not subject to further charge in making up deficiencies in annuities, and that final settlement of the estate is not to be postponed on account of any such deficiency.

Multnomah county: L. B. STEARNS, Judge.

Plaintiff appeals. Reversed.

This proceeding involves the construction of the will of Levi C. Millard, deceased. Those clauses of the will, the construction of which are involved in this suit, are set

out in *hæc verba.* After providing for the sale of certain real estate, the testator continues in the second subdivision: "The proceeds of such sale to be applied as follows: One-half I give and bequeath to my nephew, Ralph W. Hoyt, as trustee, to be invested by him in such manner as to him shall seem fit, and the income to be derived therefrom to be paid every three months to my sister, Harriet N. Morse, during her lifetime; and in the event of her death, leaving her husband surviving her, then the income derived from said sum of money to be paid every three months in equal proportions to her daughters, Eugenia Morse, Emma Morse, and Harriet Morse, or to the survivors of them, or either of them; and after the death of both their father and mother, it is my will that said principal sum be divided equally, share and share alike, among said daughters of my sister, Harriet, or the survivor of them, or either of them; and in the event said Eugenia Morse, Emma Morse, and Harriet Morse, or either of them, do not survive both their father and mother, then it is my will that said principal sum be paid by said trustee to the Boys' and Girls' Aid Society of Oregon." After disposing of the other half of the proceeds of said real estate, the will contains this provision: "Third —I give and bequeath to my nephew, Ralph W. Hoyt, as trustee, the sum of ten thousand dollars, which sum is to be invested by him in such manner as to him shall seem fit, and the income derived therefrom to be paid at the end of every three months to my sister, ·Harriet N. Morse, it being my will that she receive the sum of three hundred and seventy-five dollars per quarter annum therefrom; and in the event the income derived from said sum of ten thousand dollars does not reach the sum of three. hundred and seventy-five dollars per quarter annum, then the deficiency is to be paid by my executors out of my residuary estate. After the death of my sister, Harriet N. Morse, in the event of her husband surviving her, then it is my will that the income derived from said ten thousand dollars

be paid each quarter annum to her daughters, Eugenia Morse, Emma Morse, and Harriet Morse, or to the survivors of them, or either of them in equal proportions, share and share alike; and after the death of both their father and mother, then that said sum of ten thousand dollars be equally divided among the aforesaid daughters of my sister, or the survivors of said daughters or either of them; and in the event the said Eugenia, Emma, and Harriet Morse, or either of them, do not survive both their mother and father, then it is my will that said sum of ten thousand dollars be paid by said trustee to the Boys' and Girls' Aid Society of Oregon."

The twenty-third clause of said will is as follows: "All the rest, residue, and balance of my estate, real, personal, or mixed, after satisfying all the bequests, charges, and legacies hereinbefore made by me, I direct shall be converted by my executors hereinafter named, into money; and the amount realized therefrom by them I give and bequeath in the manner following: I give and bequeath to my nephew, Ralph W. Hoyt, as trustee, forty per centum thereof, to be invested by him in such manner as to him shall seem fit, and the income to be derived therefrom is to be paid every three months to my sister, Harriet N. Morse; and in the event of her death leaving her husband surviving her, then the income of said forty per centum shall be paid every three months to her daughters, Eugenia Morse, Emma Morse, and Harriet Morse, or to the survivors of them, or either of them, in equal proportions, share and share alike; and after the death of both their father and mother, it is my will that said forty per centum of the residue of my estate shall be equally divided, share and share alike, among said daughters of my sister, Harriet N. Morse, or the survivors of said daughters, or either of them; and in the event that the said Eugenia, Emma, and Harriet Morse, or either of them, do not survive their father and mother, then it is my will that said forty per centum of

my residuary estate be paid by said Ralph W. Hoyt to the Boys' and Girls' Aid Society of Oregon.   It is my will that forty per centum of the sum of money realized by my executors out of the rest, residue, and balance of my estate be paid by them to my sister-in-law, Mrs. Jessie N. Millard, and her six children, hereinbefore named, in equal proportions, share and share alike; provided, however, that the portion thereof coming to such of the said children that are minors is to be retained by my executors and invested by them until such minors attain their legal majority, and the principal sum, together with the accumulated interest, shall be paid to each of said children when they arrive at their majority.   In the event of any of said children dying before reaching their legal majority, then it is my will that the sum devised to said child so dying shall be paid to their mother, Mrs. Jessie N. Millard.   The remaining twenty per centum of the rest, residue, and balance of my estate I give and bequeath to the Boys' and Girls' Aid Society of Oregon."

The second clause of the will, which directs the sale of certain real estate and the conversion thereof into money, gives one-half thereof to the testator's sister-in-law, Mrs. Jessie N. Millard, and her six children, in equal proportions, share and share alike, the part going to said minors to be retained by the executors until said minors should attain their majority, and then to receive the same with the accumulated interest.

By the sixth subdivision of said will, the testator makes substantial and liberal provisions for his sister-in-law, Mrs. Jessie N. Millard, differing mainly in the provision for Mrs. Morse in that Mrs. Millard and her children receive the money bequeathed to them at once, without waiting until the death of any one, and not the interest thereon.

The county court, where this proceeding originated, ordered that the income from the four thousand seven hundred and fifty dollars in the hands of the trustee contribute to make up the said quarterly payment of

three hundred and seventy-five dollars, payable to the plaintiff; and that this income, together with the income from the ten thousand dollars, should first be resorted to, to make up to the plaintiff the three hundred and seventy-five dollars per quarter, before the residuary estate should be resorted to; and that the deficiency, if any, should be made up from the residue of the estate until the residue of the estate shall be divided; and forty per cent of said residue of said estate shall be paid over to said Ralph W. Hoyt, trustee, for said plaintiff, when all payments by said executors to plaintiff shall cease. Upon appeal to the circuit court, this order of the county court was affirmed, from which this appeal was taken.

*Thomas N. Strong,* for Harriet N. Morse.

*Wm. B. Gilbert,* for the Boys' and Girls' Aid Society.

*Chas. H. Carey,* for Macrum and Hoyt, Executors.

*G. G. Gammans,* for Mrs. Jessie N. Millard.

STRAHAN, C. J.—The first contention of the plaintiff is, that both the circuit and county courts erred in decreeing that the proceeds or interest accruing from the trust fund of four thousand seven hundred and fifty dollars, placed in the hands of Ralph W. Hoyt, as trustee, should be made to contribute to the three hundred and seventy-five dollars which is payable to Mrs. Morse quarterly. This must be determined by ascertaining the intention of the testator, to be derived from the language of the will itself; and if this cannot be done, then by resorting to the recognized rules of interpretation in such case. The language used is plain and unambiguous; and if there be any uncertainty as to the meaning of the several provisions of the will under consideration, it grows out of the various clauses, as they may be thought to affect each other, and what counsel supposed to be testator's intention.

The second clause, or subdivision, of the will, directs the sale of certain real property of the testator, and then provides that one-half, which is admitted to be four thousand seven hundred and fifty dollars, should be turned over to Ralph W. Hoyt, as trustee, and the income derived therefrom was to be paid over every three months to the plaintiff during her lifetime. By the same clause of the will, the testator disposes of the income after the death of the plaintiff, and finally of the fund itself. This bequest is complete in itself, and is in no wise dependent on any other portion of the will for its construction or execution; and there is not the slightest reason to think from the language here used that this fund is to contribute to make up any other bequest contained in the will in favor of the plaintiff. But the defendants' contention is otherwise. They insist that the entire sum which the plaintiff was to receive quarterly under the will is only three hundred and seventy-five dollars, and that this amount is to be made up from the income arising, first, from the four thousand seven hundred and fifty dollars, and, second, from the ten thousand dollars set apart by the third subdivision of the will, and that the residuary estate cannot be resorted to until the income from both of these funds is exhausted. But the language used by the testator precludes this construction. The testator by this clause placed ten thousand dollars in the hands of a trustee, and directed that the income to be derived therefrom be paid to his sister, Harriet N. Morse, every three months, and then continues: * * *. "It being my will that she receive the sum of three hundred and seventy-five dollars per quarter therefrom," that is, from the ten thousand dollars; and then it is further provided: * * * "In the event that the income derived from the said sum of ten thousand dollars does not reach the sum of three hundred and seventy-five dollars per quarter, * * * then the deficiency is to be paid by my executors out of my residuary estate."

This language is too plain to admit of construction. Its import is obvious. "The deficiency is to be paid by my executors out of my residuary estate."

The only remaining question relates to the time of closing up the estate. It is evident from the tenor of the whole will that the testator did not expect an early settlement of the estate by the executors. The conditions of the will render it impossible to close the estate until some of the beneficiaries under the will shall have passed away.

The second subdivision of the will clearly contemplates that both Mr. and Mrs. Morse shall be removed by death before the fund of four thousand seven hundred and fifty dollars can be divided among the three daughters or the survivors, if any of them be dead; or if all of them be dead at that time, then to the Boys' and Girls' Aid Society of Oregon. So also the bequest under the third subdivision of the will contemplates that both Mr. and Mrs. Morse shall be removed by death before the ten thousand dollars therein mentioned can be divided among their daughters, Eugenia, Emma, and Harriet, or to the survivors of them, or either of them, share and share alike; and if neither of the daughters survive both father and mother, then the ten thousand dollars go to the Boys' and Girls' Aid Society of Oregon. These provisions of the will cannot, therefore, be executed until the happening of the events authorizing a division of this part of the estate, or its payment to the Aid Society, on the happening of the contingency which authorizes its payment to them.

It was suggested upon the argument that the twenty-third subdivision contemplated an early settlement of the estate. We do not think it practicable to set apart forty per cent of the residue of the estate to Ralph W. Hoyt, trustee, so long as the plaintiff lives, for the reason that the residue of the estate must contribute to make up the three hundred and seventy-five dollars payable quarterly to Mrs.

Morse. This payment is to continue during her life, and any deficiency that may arise, or any sum that is not realized from the ten thousand dollars, is a charge upon this residue, as we have already suggested; so that this twenty-third clause of the will, providing for a division of the estate, forty per cent to Hoyt as trustee, the income therefrom to be paid to Mrs. Morse, and after her and her husband's death the principal to be divided among their daughters, or the survivor of either of them, etc., and forty per cent to Mrs. Millard and her children in equal portions, but the children not severally to receive their portions until they respectively attain their majority, cannot be carried into effect until after the death of Mrs. Harriet N. Morse. The residuary estate will be released from the charge by that event, as Mrs. Morse's daughters will then only receive the income from the two sums set apart for them in Hoyt's hands, whatever that may be, subject to any other provision in the will in their favor.

Another cause of delay is the minority of some or all of Mrs. Millard's children. Their portion is to be paid to them severally when they attain their majority, and they cannot receive it before. Until the happening of that event, the executors of the will must have charge of their interests, carefully keeping the moneys of the estate at interest under the direction of the county court.

Something was said by counsel on the argument as to the time from which the will speaks. Though not strictly necessary to the disposition of either question now before us, it may become material in the further execution of the will. The general rule is, that a will speaks from the death of the testator, and not from its date, unless its language, by a fair construction, indicate a contrary intention. ( *Canfield* v. *Bostwick*, 21 Conn. 550; *Gold* v. *Judson*, Id. 616.)

Let the decree appealed from be reversed, and a decree entered here in accordance with this opinion.

[Filed June 9, 1892.]

ON REHEARING.

STRAHAN, C. J.—A petition for a rehearing has been filed herein; and upon further consideration of the matter, I am satisfied the former opinion must be modified so far as it undertook to construe the twenty-third subdivision of the will, and in postponing the distribution. The twenty-third subdivision provides: "All the rest, residue and balance of my estate, real, personal or mixed, after satisfying all the bequests, charges and legacies hereinbefore made by me, I direct shall be converted by my executors hereinafter named into money; and the amount realized therefrom by them I give and bequeath in the manner following: I give and bequeath to my nephew Ralph W. Hoyt, as trustee, forty per centum thereof to be invested by him in such manner as to him shall seem fit; and the income to be derived therefrom is to be paid every three months to my sister, Harriet N. Morse; and in the event of her death, leaving her husband surviving her, then the income of said forty per centum shall be paid every three months to her daughters, Eugenia Morse, Emma Morse, and Harriet Morse, or to the survivor of them, or either of them, in equal proportions, share and share alike; and after the death of both their father and mother, it is my will that said forty per centum of the residue of my estate shall be equally divided share and share alike among said daughters of my sister, Harriet N. Morse, or the survivors of said daughters, or either of them; and in the event that the said Eugenia, Emma, and Harriet Morse, or either of them, do not survive both their father and mother, then it is my will that said forty per centum of my residuary estate be paid by said Ralph W. Hoyt to the Boys' and Girls' Aid Society of Oregon. It is also my will that forty per centum of the sum of money realized by my executors out of the rest, residue and balance of my estate, be paid by them to my

sister-in-law, Mrs. Jessie N. Millard, and her six children, hereinbefore named, in equal proportions, share and share alike; provided, however, that the portion thereof coming to such of the said children that are minors is to be retained by my executors and invested by them until said minors attain their legal majority; and the principal sum, together with the accumulated interest, shall be paid to each of said minors when they arrive at their majority. In the event of any of said children dying before reaching their legal majority, then it is my will that the sum devised to said children so dying shall be paid to their mother, Mrs. Jessie N. Millard. The remaining twenty per centum of the rest, residue and balance of my estate I give and bequeath to the Boys' and Girls' Aid Society of Oregon."

The residue of the estate mentioned in this clause of the will must be distributed according to its provisions, as soon as realized, and will not be further subject to the charge in favor of Mrs. Morse for the purpose of making up to her the three hundred and seventy-five dollars payable to her quarterly. Under this construction of the will, the settlement of the estate is not necessarily postponed, but the same may be closed as soon as the residuary estate shall be reduced to money and ready for payment to the legatees and distributees under the will, and all other terms of the will are complied with; and the former opinion will be modified accordingly, and also so as to conform to the construction of the twenty-third subdivision, as above suggested; and with these modifications the petition for a rehearing will be denied.