No. 24,588.

MARY MAY WILLOUGHBY et al., *Appellants*, v. MELVIN DOWTY, WATSON et al., *Appellees*.

SYLLABUS BY THE COURT.

CONSTRUCTION OF WILL—*Conveyance of Land Previously Devised Defeats the Devise.* A testator conveyed land previously devised by his will, and took a note secured by mortgage on the land in payment of the price. *Held*, the conveyance defeated the devise, and the note and mortgage were personal property, passing by bequest of personal property contained in the will.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed July 7, 1923. Affirmed.

*W. F. Means*, and *W. E. Archer*, both of Hiawatha, for the appellants.

*Sample F. Newlon*, of Hiawatha, and *T. A. Moxcey*, of Atchison, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to construe a will. A demurrer to the petition was sustained, and judgment was rendered accordingly. Plaintiffs appeal.

In 1907, Marion S. Watson made his will, giving to his wife, Hester Ann Watson, a life estate in all real estate he owned at the time of his death, remainders to children and grandchildren. All the testator's personal property was given to his wife absolutely. When the will was made, the testator owned 80 acres of land. In 1918 he sold the land, and received in part payment of the price the purchaser's note for $9,000, secured by mortgage on the land. The testator died in 1919. His widow died in 1920, leaving a will made in August of that year, giving her property to a son and a daughter. Remaindermen under Marion S. Watson's will claimed the note and mortgage. The beneficiaries under Hester Ann Watson's will contest the claim. W. R. Guild is administrator with will annexed of both estates.

At common law, before the Victorian Wills Act of 1837, a will of real estate spoke from its date, and was regarded as a specific appropriation of the land devised. Some consequences of these rules were considered in the case of *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 211 Pac. 146. Another consequence was, if the testator altered his estate in the land, the devise was revoked, recalled, or canceled, the accurate technical term being adeemed. This doctrine of the common law has been changed by statute. (Gen. Stat. 1915, §§ 11786-11789.) Section 11786 treats of bonds, covenants, and agreements to convey. Section 11787 treats of mortgages. Sections 11788 and 11789 read as follows:

"A conveyance, settlement, deed or other act of the testator by which his estate or interest in property previously devised or bequeathed by him shall be altered, but not wholly divested, shall not be deemed a revocation of the devise or bequest of such property, but such devise or bequest shall pass to the devisee or legatee the actual estate or interest of the testator which would otherwise descend to his heirs or pass to his next of kin, unless in the instrument by which such alteration is made the intention is declared that it shall act as a revocation of such previous devise or bequest.

"But if the provisions of the instrument by which alteration is made are wholly inconsistent with the terms and nature of such previous devise or bequest, such instrument shall operate as a revocation thereof, unless such provisions depend on a condition or contingency, and such conditions be not performed or such contingency do not happen."

These sections were taken bodily from the New York statute relating to the same subject. (2 McKinney's Cons. Laws of N. Y., book 13, Decedent's Estate Law, §§ 37-40.) They came into our law with the revision of 1868. At that time it had been settled in

New York that, if a testator convey land previously devised, and take a note secured by mortgage on the land in payment of the price, the conveyance defeats the devise, and the note and mortgage are part of the testator's personal estate, passing by residuary or other bequest. (*Adams v. Winne* [1838], 7 Paige, 97; *Brown v. Brown* [1852], 16 Barb. 569; *Beck v. McGilles* [1850], 9 Barb. 35; *McNaughton v. McNaughton* [1866], 34 N. Y. 201, affirming 41 Barb. 50; *Barstow v. Goodwin* [1853], 2 Bradf. 413.)

In these cases, every proposition of the plaintiffs was determined adversely to them.

Aside from the presumption the legislature intended the adopted sections should have the meaning attributed to them by the courts of New York, the cases cited are sound in principle. Section 11789 interprets section 11788. Even although the testator do not divest himself of all interest in the land devised, if the instrument by which the alteration of estate is made be unconditional and inconsistent with the devise, the devise is adeemed. In this instance, the vesting of full title in the purchaser of the land was utterly inconsistent with the devise. If the mortgage be considered as in a sense part of the transaction of sale, it serves to confirm the inconsistency. Watson no longer owned the land. The will could not operate on it when he died. The land belonged to the purchaser, who, by virtue of his ownership, used it to secure payment of his note. The mortgage reconveyed nothing to Watson. In Watson's hands the mortgage was a mere chattel incident to the note, a chose in action, giving him the privilege of appropriating the land to pay the note, but no interest or "right" in the land itself.

To establish a basis for argument that a mortgage conveys to the mortgagee some estate in the land, the plaintiff goes back to the common-law doctrine of the nature of a real-estate mortgage. This doctrine was dealt with in the case of *Clark v. Reyburn*, 1 Kan. 281, and was fully considered in the case of *Chick and others v. Willetts*, 2 Kan. 384. In the course of the opinion in the latter case, it was said:

"All that remains of the old theories is their nomenclature. In this state, a clear sweep has been made by statute. The common-law attributes of mortgages have been wholly set aside; the ancient theories have been demolished; and if we could consign to oblivion the terms and phrases—without meaning except in reference to those theories—with which our reflections are still embarrassed, the legal profession on the bench and at the bar would more readily understand and fully realize the new condition of things." (p. 391.)

The plaintiff cites some Kentucky decisions. They are based on a statute radically different from the statute of this state.

Being personal property, the note was bequeathed by Watson to his wife. By virtue of bequest of the note, the mortgage passed to her, the mortgage not being the subject of beneficial ownership independently of the note. (*Beck v. McGilles*, 9 Barb. [N. Y.] 35, 55; *Burhans v. Hutcheson*, 25 Kan. 625, 630; *Kurtz v. Sponable*, 6 Kan. 395.) The note and mortgage passed to the legatees under Hester Ann Watson's will, and the remaindermen under Marion S. Watson's will have no interest in them.

The judgment of the district court is affirmed.