Argued March 18; affirmed April 7, 1931

In re Pape's Estate

PAPE et al. *v.* UNITED STATES NATIONAL BANK et al.

(297 P. 845)

*McDannell Brown,* of Portland, for appellant.

*Harry Hall,* of Portland, for United States National Bank.

BEAN, C. J. Prior to May 21, 1929, Chester H. Pape and Edward C. Pape, appellants herein, and their brother, the late Ferdinand B. Pape, were the owners in equal and undivided interests of certain real prop-

erty hereinafter described. Ferdinand B. Pape, now deceased, on August 25, 1928, duly executed and published his last will and testament, which provided, among other things, as follows:

"Second: I give, devise and bequeath to my two brothers, Chester H. Pape and Edward C. Pape all my right, title and interest, (the same being an undivided one-third interest) in the property owned by me and my said two brothers, in the northeast corner of East Eleventh and Ankeny streets, Portland, Oregon."

The will further provided for the appointment of the United States National Bank of Portland, Oregon, as executor. On May 21, 1929, appellants and Ferdinand B. Pape, now deceased, entered into a contract for the sale of said real property to the United Development Syndicate, Inc., for the total price of $11,500. The purchaser paid $3,000 in cash, took title to the property and executed to the three brothers jointly a purchase money mortgage to secure the payment of the balance of $8,500. On July 10, 1929, Ferdinand B. Pape died without altering or modifying the provision of his will above set forth. This will was duly and regularly admitted to probate, and the United States National Bank was appointed executor. Appellants then contended that, under the terms of the will, they were entitled to receive, upon final distribution, the undivided one-third interest of the deceased in the promissory note and mortgage, and demanded the same of the executor. This the executor refused to accede to without direction from the probate department of the circuit court of Multnomah county. The executor, upon making its final report, set out the facts above stated, and requested the court to make an order of distribution, with specific reference to the distribution of the undivided one-third interest of the deceased in

the above-mentioned promissory note and mortgage. The appellants then filed a petition in the nature of an objection to the final account of the executor, praying that, upon the hearing of the final account and distribution of the estate, they be decreed to be entitled to receive from the executor the undivided one-third interest in the promissory note and mortgage owned by Ferdinand B. Pape at the time of his death.

. The circuit court in its order, settling the final account and directing the distribution, decreed that the devise to Chester H. Pape and Edward C. Pape, in the last will and testament of the deceased, had failed for the reason that prior to his death the deceased had sold and conveyed the real property to the United Development Syndicate, Inc., and that the undivided one-third interest of the deceased in the promissory note and mortgage should be distributed, upon final distribution, to the United States National Bank of Portland, as trustee, under the terms set forth in the last will and testament of the deceased.

■■ The question is, what property or what kind of property did Ferdinand B. Pape possess at the time of his death? A will speaks only from the time of the death of the testator, unless a contrary intent is manifest from the language of the will or its provisions: *In re Estate of Denning*, 112 Or. 621 (229 P. 912); *In re Wilson's Estate*, 85 Or. 604 (167 P. 580); *Scott v. Ford*, 52 Or. 288 (97 P. 99); *Morse v. Macrum*, 22 Or. 229 (29 P. 615, 30 P. 73); *Hardenberg v. Ray*, 33 Fed. 812.

The decedent, prior to his death, sold and conveyed the one-third interest in the property in question. Hence, he did not own any interest therein that he could devise by will. The note and mortgage were not real estate. A real estate mortgage in this state does

not convey title to the real estate. It is only a lien thereon for the purpose of securing the payment of some amount or the performance of some act. At the time of the death of Ferdinand B. Pape, there was no real property subject to the devise of the will.

It is contended on behalf of the appellants that the provision of the second section of the will quoted above is sufficiently broad and comprehensive to designate either real or personal property, and particularly to designate and bequeath the testator's undivided one-third interest in the purchase money mortgage on the real estate described in that section. This contention cannot be upheld. By the second clause of the will the testator made a specific devise of certain real property to certain persons. Subsequent to making the will and prior to his death, he having sold and conveyed the real property to third persons and parted with his entire fee simple title to the real property devised, there was no real property left subject to the devise of the will. He could "devise and bequeath all of his * * * estate." He could not devise what he did not have at the time of his death: § 10-501, Oregon Code 1930.

The appellants contend that under section 10-506, Oregon Code 1930, the conveyance of the real property by the decedent and taking a note secured by a mortgage thereon did not revoke the devise contained in the will. That section provides as follows:

"A bond, covenant, or agreement made for a valuable consideration by a testator, to convey any property devised or bequeathed in any last will previously made, shall not be deemed a revocation of such previous devise or bequest, either in law or equity; but such property shall pass by the devise or bequest, subject to the same remedies on such bond, covenant, or agree-

ment, for the specific performance or otherwise, against devisees or legatees as might be had by law against the heirs of the testator or his next of kin, if the same had descended to them.''

The provision contained in this section that a bond, covenant, or agreement to convey property devised in any last will previously made shall not be deemed a revocation of such previous devise or bequest, but that such property shall pass by the devise or bequest, relates to a bond, covenant or agreement for the sale of real estate where the testator retains title to the real estate and has simply agreed to convey or made provisions for conveying. It does not relate to or govern where an absolute conveyance of real estate, which has previously been devised, is made. That section of the law omits any reference to any executed transactions and confines itself to bonds, covenants or agreements to sell. The promissory note or mortgage does not involve any principle of the covenant or agreement to convey by testator but deals strictly with a completed and past transaction in so far as the sale of the land is concerned. At the time of his death, the testator had no interest in the real property in question. The note and mortgage were merely a lien upon the land. The general rule is stated by this court in the case of *Watson v. McLench,* 57 Or. 446, 451 (110 P. 482, 112 P. 416). We quote from the opinion in that case as follows:

''Though a bond, covenant, or agreement made for a valuable consideration to convey real property, specified in a last will previously made, is not deemed a revocation of such prior devise (§ 5552, B. & C. Comp.), the voluntary conveyance for a valuable consideration by Mrs. McLench of the 101 acres of land, which she had antecedently devised to her son, took that real

property out of the operation of her last will (§ 5573, B. & C. Comp.), which testament was thereby impliedly revoked *pro tanto.*"

This rule is in consonance with the generally prevailing rule upon the subject. See Ann. Cas. 1913B, p. 57, where it is said:

·"It is a firmly established rule of the common law, which is recognized in most jurisdictions, that where a testator subsequent to the execution of a will specifically devising lands voluntarily conveys the lands by an absolute conveyance, the will is revoked *pro tanto,* or, otherwise stated, the specific devise fails as to the lands conveyed. This is not so much because a revocation is deemed to have been intended, as that there is nothing as to which the devise can operate."

The intention of the testator as gathered from the will is that it is to devise the real property described and nothing else.

The decree of the circuit court is, therefore, affirmed.

BROWN, BELT and CAMPBELL, JJ., concur.