Matthias, J.
 

 The single question of law presented by the record is whether a sale of real estate and an unconditional conveyance thereof revokes a specific devise of that same property contained in a will theretofore executed, where a note given by the purchaser for the unpaid balance of the purchase price is secured by a mortgage executed to the.testatrix as security for such note.
 

 It is contended by counsel for the devisees that in such situation there is only a change from absolute ownership of the property to a mortgage interest therein by way of .security, which does not constitute an ademption or revocation of the devise. This contention is based upon the theory, as urged by counsel, that “the unpaid purchase money mortgage was merely an altered form of the interest and estate of the testatrix in the property.”
 

 
 *341
 
 Many cases have been cited which, in onr view of the question before us, have no application. The decision of the issues presented in this case is primarily dependent upon and determined by the provisions of Sections 10504-51 and 10504-52, General Code. They read as follows:
 

 Section 10504-51. “A conveyance, settlement, deed, or other act of the testator, by which his estate or interest in property previously devised or bequeathed by him, is altered, but not wholly divested, shall not be deemed a revocation of the devise or bequest of such property, but such devise or bequest shall pass to the devisee or legatee, the actual estate dr interest of the testator, which would otherwise descend to his heirs, or pass to his next of kin; unless, in the instrument by which such alteration is made, the intention is declared, that it shall operate as a revocation of such previous devise or bequest.”
 

 Section 10504-52. “But if the provisions of the instrument by which such alteration is made, are wholly inconsistent with the terms and nature of the previous devise or bequest, such instrument will operate as a revocation thereof, unless the provisions depend on a condition or contingency, and such condition be not performed, or contingency does not happen.”
 

 These sections should, of course, be read and construed together. They originally were enacted together and have so continued in substantially the same language. They were before this court for consideration in the case of
 
 Brush
 
 v.
 
 Brush,
 
 11 Ohio, 287. With reference to these provisions, the court in the opinion, following a recitation of the statutory provisions, stated as follows:
 

 “Thus, when there is a will devising the whole estate, and a subsequent conveyance or deed which does not divest the whole estate, it does not revoke the will, but the devise operates
 
 pro tanto
 
 upon that portion not divested.
 

 
 *342
 
 “The'rule is this: If the will conveys the whole estate, and the subsequent disposition, by deed or otherwise, does not transfer the whole estate, but leaves a ■ portion which would descend as at law, the devise attaches to such descendable portion, and carries it to the devisee.”
 

 It seems entirely clear from the plain language of the statute that a conveyance which wholly divests the testator’s title to property is to be deemed a revocation of the devise or bequest of such property, but if the estate or interest of the testator is merely altered, either by a conveyance of a portion of his title to the property previously devised or by a conveyance of his entire title to a portion of that property, the remaining portion of the estate or interest of the testator devised which would otherwise pass under the law of descent and distribution “shall pass to the devisee or legatee” under the terms of the will.
 

 Where, however, the disposition of the property subsequent to the execution of the will is unconditional and complete and therefore “wholly inconsistent with the terms and nature of the previous devise or bequest,” a revocation thereof results.
 

 We have here no question of interposed condition or contingency. If the subsequent disposition were of only a partial interest in the subject matter of the devise, but leaving the residue of the estate devised still in the testator, only a partial revocation or ademption would result, it being only to the extent to which the estate devised was disposed of, and the devise as to the residue would remain effective.
 

 By such statutory provision the strictness, whereby a mere alteration of estate or interest in the property devised wrought a revocation of the devise, was obviated. Such is the clear purpose of the enactment of the statuté. Its terms should not be extended by judicial interpretation or construction.
 

 
 *343
 
 In this case the testatrix, subsequent to the execution of her will, conveyed her entire interest in the real estate described in her will, passing title thereto fully and completely to the grantee by warranty deed. Surely the provisions of such instrument “are wholly inconsistent with the terms and nature of the previous devise. ’ ’ Pull title to and ownership of the land passed to and vested in the grantee. The-testatrix did not own it at the time of her death. It had been “wholly divested” and hence the devise was thus entirely nullified. The mortgage executed by the grantee was a mere security for the note given for the balance of the purchase price. It was only a lien on the land then owned by the grantee of the testatrix.
 

 The general rule applicable is stated as follows in 69 Corpus Juris, 1007, Section 2207:
 

 “A subsequent sale or conveyance of property specifically devised or bequeathed, nothing else appearing, constitutes an ademption, although it would be possible to follow the proceeds of such sale, and even though the property sold has not been fully paid for and a mortgage has been taken to secure the purchase price.”
 

 And further in Section 2215 as follows:
 

 “* * * a sale of real estate owned by the testator, even though it is not completely paid for and the testator takes back a mortgage on the same land, is, in the absence of anything to the contrary, su.eh a change, despite the retention of the security or mortgage interest, as gives rise to an ademption, although, of eóurse, it may be otherwise where the testamentary interest given consists of a share in the proceeds of the land, and, where the testator has merely entered into an executory contract for the sale of land, it has been held, in accordance with general rules respecting the effect of executory contracts to work an ademption, that the testamentary provision is not adeemed thereby. An at
 
 *344
 
 tempted conveyance by tbe testator, which for any reason fails of etfect, is an insufficient basis for an ademption.”
 

 In an editorial note in 65 A. L. B., 632, it is said:
 

 “It may be stated as a general rule, well supported by a majority of the authorities, that a change from absolute ownership of real property to a mortgage interest by way of security, or from a mortgage interest to the absolute ownership of the mortgaged property, revokes or adeems a devise or legacy of the interest given by will. However, there are cases which hold the contrary.
 

 “In the majority of jurisdictions, the rule, although affected in many instances by statutes regarding devises of real property, seems well settled that a change from absolute ownership of property to a mortgage interest in such property by way of security upon its sale adeems or revokes a legacy or devise.”
 

 Numerous supporting cases are there cited, among which are the following:
 
 McNaughton
 
 v.
 
 McNaughton,
 
 34 N. Y., 201;
 
 Walker
 
 v.
 
 Waters, Admx.,
 
 118 Md., 203, 84 A., 466;
 
 Blaisdell, Exr.,
 
 v.
 
 Coe,
 
 83 N. H., 167, 139 A., 758, 65 A. L. R., 626;
 
 Wolcott, Exr.,
 
 v.
 
 Shaw,
 
 21 Del. Ch., 1, 2 A. (2d), 913;
 
 Moncreif
 
 v.
 
 Shuman,
 
 169 Ga., 217, 150 S. E., 98;
 
 Pape
 
 v.
 
 U. S. National Bank,
 
 135 Ore., 650, 297 P., 845; and
 
 Willoughby
 
 v.
 
 Watson,
 
 114 Kan., 82, 216 P., 1095.
 

 The provisions of the Ohio statute (Sections 10504-51 and 10504-52, General Code) are, in almost identical language, the provisions of the Kansas statute under consideration in the
 
 Willoughby case, supra,
 
 and the factual situation in that case is also quite similar to that presented in the instant case. We quote a portion of the opinion of the court in that case following a recitation of the Kansas statute:
 

 “These sections were taken bodily from the New York statute relating to the same subject. (2 McKin
 
 *345
 
 ney’s Cons. Laws of N. Y., book 13, Decedent’s Estate Law, Sections 37-40.) They came into our law with the revision of 1868. At that time it had been settled in New York that, if a testator convey land previously devised, and take a note secured by mortgage on the land in payment of the price, the conveyance defeats the devise, and the note and mortgage are part of the testator’s personal estate, passing by residuary or other bequest.
 
 (Adams
 
 v.
 
 Winne
 
 [1838], 7 Paige, 97;
 
 Brown
 
 v.
 
 Brown
 
 [1852], 16 Barb., 569;
 
 Beck
 
 v.
 
 McGilles
 
 [1850], 9 Barb., 35;
 
 McNaughton
 
 v.
 
 McNaughton
 
 [1866], 34 N. Y., 201, affirming 41 Barb., 50;
 
 Barstow
 
 v.
 
 Goodwin
 
 [1853], 2 Bradf., 413.)
 

 “In these cases, every proposition of the plaintiffs was determined adversely to them.
 

 “Aside from the presumption the legislature intended the adopted sections should have the meaning attributed to them by the courts of New York, the cases cited are sound in principle. Section 11789 interprets section 11788. Even although the testator do not divest himself of all interest in the land devised, if the instrument by which the alteration of estate is made be unconditional and inconsistent with the devise, the devise is adeemed. In this instance, the vesting of full title in the purchaser of the land was utterly inconsistent with the devise. If the mortgage be considered as in a sense part of the transaction of sale, it serves to confirm the inconsistency. Watson no longer owned the land. The will could not operate on it when he died. The land belonged to the purchaser, who, by virtue of his ownership, used it to secure payment of his note. The mortgage reconveyed nothing to Watson. In Watson’s hands the mortgage was a mere chattel incident to the note, a chose in action, giving him the privilege of appropriating the land to pay the note, but no interest or ‘right’ in the land itself.
 

 
 *346
 
 “To establish a basis for argument that a mortgage conveys to the mortgagee some estate in the land, the plaintiff goes back to the common-law doctrine of the nature of a real-estate mortgage.”
 

 It is our conclusion that, the testatrix having executed a conveyance whereby her entire estate and interest in the devised property was wholly divested, the specific devise was thereby revoked, notwithstanding the execution of a mortgage to secure the unpaid portion of the purchase price.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.