DECISION AND JUDGMENT ENTRY
{¶ 1} Shirley Fetters appeals the judgment of the Highland County Common Pleas Court, Probate Division, that declared Orville Moore's bequest to her "adeemed," i.e., revoked. Because Mr. Moore's bequest of the note and mortgage is a specific bequest, we conclude Mr. Moore's receipt of the money during his lifetime was an ademption of the bequest. Ms. Fetters also challenges the court's ruling excluding a portion of her testimony as hearsay. We conclude Mr. Moore's statement that the money in the bank account would belong to Ms. Fetters is inadmissible hearsay.
 {¶ 2} In 1988, Mr. Moore sold a parcel of property to Elihu Warner, Jr. and Connie Warner. The Warners executed a promissory note in the amount of $80,000 and gave Mr. Moore a mortgage on the property to secure repayment of the note. The note provided for a repayment period of twenty years. Six years later, Mr. Moore executed his Last Will and Testament. In his will, Mr. Moore bequeathed his interest in the Warners' note to Ms. Fetters. The will instructed the executrix to assign all of Mr. Moore's rights in the note and mortgage to Ms. Fetters.
 {¶ 3} In 1996, two years after Mr. Moore executed his will, the Warners paid off their promissory note for the sum of $61,415.11. Ms. Fetters deposited this money into Mr. Moore's checking account at NCB Savings Bank. Mr. Moore died on November 25, 2001. At the time of his death, Mr. Moore's checking account contained $13,808.08. The parties agree that the $13,808.08 in Mr. Moore's account represents the money remaining from the payoff of the promissory note.
 {¶ 4} Mr. Moore's will was admitted to probate in February 2002. In August 2002, Connie Reynolds, the executor of Mr. Moore's estate, filed a complaint for construction of the will. The complaint sought a ruling regarding whether Ms. Fetters was entitled to anything from Mr. Moore's estate. In January 2003, after the parties submitted an agreed statement of facts, the court held a hearing on the issue. That same month the court issued a ruling declaring Mr. Moore's bequest to Ms. Fetters adeemed. Ms. Fetters now appeals, raising the following assignments of error:"ASSIGNMENT OF ERROR NO. 1 — The judgment of the court entered on January 17, 2003 is against the weight of the evidence and is contrary to law in its application of the doctrine of ademption. ASSIGNMENT OF ERROR NO. 2 — Defendant states that the trial court erred in the exclusion of certain evidence offered in this case concerning the desire of the decedent as to the bequest made to this defendant under the last will and testament of said decedent."
 {¶ 5} In her first assignment of error, Ms. Fetters challenges the trial court's ruling declaring Mr. Moore's bequest to her adeemed.
 {¶ 6} We review a judgment involving the construction of a will on a de novo basis. Dunkel v. Hilyard, 146 Ohio App.3d 414, 2001-Ohio-2597,766 N.E.2d 603, at ¶ 16; Church v. Morgan (1996), 115 Ohio App.3d 477,481, 685 N.E.2d 809; In re Estate of Lewis (July 23, 1999), Athens App. No. 98CA17. Here, however, we are not asked to interpret a provision in Mr. Moore's will. The nature of Mr. Moore's bequest indicates that it is a specific bequest and Ms. Fetters does not argue otherwise.[2]
Rather, the issue presented for our review is whether the doctrine of ademption applies to Mr. Moore's bequest of the note. This issue also merits a de novo review, as it presents a question of law.
 {¶ 7} The doctrine of ademption refers to the revocation or taking away of a specific bequest and occurs when the object of the legacy ceases to exist. Ademption applies when the property that is the subject of a specific bequest no longer exists at the time of the testator's death. In re Estate of Hegel, 76 Ohio St.3d 476, 477, 1996-Ohio-77,668 N.E.2d 474; Bool v. Bool (1956), 165 Ohio St. 262, 135 N.E.2d 372, paragraph one of the syllabus; Estate of Parks v. Hodge (1993),87 Ohio App.3d 831, 835, 623 N.E.2d 227. If the specific property that is the subject of the bequest is not in the testator's estate at his death, the doctrine of ademption applies and the bequest fails in that the law deems it revoked. Estate of Parks, at 835-36. Whether the testator intended to adeem the bequest is not controlling. Bool, at 268; Estate ofParks, at 836. R.C. 2107.501(A) sets forth exceptions to the doctrine of ademption; however, those exceptions do not apply to the facts of this case.[3]
 {¶ 8} Ms. Fetters contends R.C. 2107.36 applies to the bequest and allows her to receive the $13,808.08 remaining from the payoff of the promissory note. She contends Mr. Moore did not dispose of the property. Rather, she claims the actions of a third party altered the property.
 {¶ 9} R.C. 2107.36 provides: "An act of a testator which alters but does not wholly divest such testator's interest in property previously devised or bequeathed by him does not revoke the devise or bequest of such property, but such devise or bequest shall pass to the devisee or legatee the actual interest of the testator, which would otherwise descend to his heirs or pass to his next of kin; unless, in the instrument by which such alteration is made, the intention is declared that it shall operate as a revocation of such previous devise or bequest. * * *"
 {¶ 10} Under R.C. 2107.36, the act that alters the testator's interest in the property must be an act of the testator. Here, Ms. Fetters own brief acknowledges that the act that "altered" Mr. Moore's interest in the note was the act of a third party. It was the Warners' act of paying off the note that "altered" Mr. Moore's interest in the note. Moreover, the statute requires that the testator's act alter but not wholly divest his interest in the property. However, Mr. Moore's entire interest in the note was extinguished when the Warners paid off the note. Once the Warners paid off the note, the note itself ceased to exist. Thus, we conclude R.C. 2107.36 does not apply to the facts of this case. Rather, R.C. 2107.36 is intended to apply in situations where the testator conveys a portion of his interest in the bequeathed property or conveys all of his interest in a portion of the bequeathed property. SeeLewis v. Thompson (1943), 142 Ohio St. 338, 52 N.E.2d 331 (discussing G.C. 10504-51 and G.C. 10504-52, predecessor sections to R.C. 2107.36).
 {¶ 11} The Supreme Court of Ohio's decision in Gilbreath v. Alban
(1840), 10 Ohio 64, is determinative of the issue before us. InGilbreath, the testator bequeathed "all the amount of moneys and interest that may be recovered of and from Dr. Kirker, for the purchase of the Penrose estate" to his wife. Id. at 68. During his lifetime, however, the testator received the money due from Dr. Kirker. Id. at 64. The Supreme Court of Ohio held that the testator's bequest was a specific bequest and that the testator's receipt of the money prior to his death was an ademption of the bequest. See Gilbreath, 10 Ohio 64, syllabus. See alsoChurch v. Morgan (1996), 115 Ohio App.3d 477, 685 N.E.2d 809 (bank account specifically bequeathed to testator's niece but funds removed prior to his death, ademption applied).
 {¶ 12} Mr. Moore's will bequeathed to Ms. Fetters his interest in the promissory note, which evidenced the debt owed by the Warners. However, the Warners paid off the note while Mr. Moore was still alive, resulting in an ademption of the bequest. Thus, Mr. Moore's bequest to Ms. Fetters fails. Accordingly, Ms. Fetters' first assignment of error has no merit.
 {¶ 13} In her second assignment of error, Ms. Fetters challenges the trial court's ruling excluding a portion of her testimony as hearsay. She contends Mr. Moore's statement is admissible as a present sense impression under Evid.R. 803(1).
 {¶ 14} During the final hearing, Ms. Fetters' counsel asked her what happened to the money the Warners gave Mr. Moore as payment of the note. Ms. Fetters responded: "He told me to take it up and put it in the NCB Bank because that would be my money. That's what I did. And that's all I know." Although appellee did not object to this testimony, the trial court sua sponte excluded the testimony describing what Mr. Moore intended to be done with the proceeds, indicating that the testimony violated the Rules of Evidence. Although the trial court did not specify what rule the testimony violated, we agree with Ms. Fetters that the trial court's ruling refers to Evid.R. 802.
 {¶ 15} Generally, we will not disturb the trial court's decision to admit or exclude evidence absent an abuse of discretion. See State v.Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. However, a trial court's discretion to admit or exclude relevant evidence does not include the discretion to admit hearsay, as defined in Evid.R. 801. State v. Pitts (Nov. 6, 2000), Scioto App. No. 99CA2675; State v. Barney (June 7, 1999), Meigs App. No. 97CA12. Rather, Evid.R. 802 mandates the exclusion of hearsay unless any exceptions apply. Pitts; Barney. Accordingly, we undertake a de novo review of the trial court's interpretation of Evid.R. 801. Barney. See, also, State v.Sorrels (1991), 71 Ohio App.3d 162, 165, 593 N.E.2d 313; Smith v. Seitz
(July 9, 1998), Vinton App. No. 97CA515.
 {¶ 16} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ms. Fetters testified that Mr. Moore told her to put the money in the bank account because it would be her money. She offers this statement as truth of the matter asserted therein, i.e. that Mr. Moore intended her to receive the proceeds contained in the bank account. Thus, the statement is hearsay. Ms. Fetters, however, contends the statement is admissible as a present sense impression.
 {¶ 17} Under Evid.R. 803(1), a hearsay statement is admissible if it is a present sense impression. That rule defines a present sense impression as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid.R. 803(1). Mr. Moore's statement to Ms. Fetters does not satisfy the requirements for a present sense impression because it does not describe an event or condition. Thus, the trial court acted correctly in excluding the statement as hearsay.
 {¶ 18} Moreover, even if Mr. Moore's statement was admissible hearsay, the court would have been justified in excluding the statement under Evid.R. 402, which provides for the exclusion of irrelevant evidence. When the language of the will is clear and unambiguous, the testator's intent must be ascertained from the express terms of the will itself. Domo v. McCarthy (1993), 66 Ohio St.3d 312, 314, 612 N.E.2d 706;Church, supra at 481. Only when the express language of the will creates doubt as to its meaning may the court consider extrinsic evidence to determine the testator's intent. Oliver v. Bank One, Dayton, N.A.
(1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55.
 {¶ 19} Mr. Moore's will clearly and unambiguously bequeathed his interest in the Warners' note to Ms. Fetters. Unfortunately, that note no longer existed at the time of Mr. Moore's death. Because this provision of Mr. Moore's will is clear and unambiguous, the lower court could not consider extrinsic evidence regarding Mr. Moore's intent. Thus, Mr. Moore's statement indicating that the money was to belong to Ms. Fetters is irrelevant. Accordingly, Ms. Fetters' second assignment of error has no merit and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[2] A specific bequest is "a bequest of some particular thing or portion of a testator's estate, which is so described by the will as to distinguish it from other articles of the same general nature in the estate." In re Mellott's Estate (1954), 162 Ohio St. 113, 121 N.E.2d 7, paragraph two of the syllabus.
[3] R.C. 2107.501(A) provides: "A specific devisee or legatee has the right of the remaining specifically devised or bequeathed property, and: (1) Any balance on the purchase price, together with any security interest owing from a purchaser to the testator at death by reason of the sale of the property; (2) Any amount of condemnation award unpaid at death for the taking of the property; (3) Any proceeds unpaid at death on fire or casualty insurance on the property; (4) Property owned by the testator at death as a result of foreclosure, or obtained in lieu of foreclosure, of the security for a specifically devised or bequeathed obligation."