Argued July 12, decided August 3, rehearing denied December 31, 1910.

## WATSON v. McLENCH.

[110 Pac. 482: 112 Pac. 416.]

SET-OFF AND COUNTERCLAIM—CONTRACT.

1. Section 73, B. & C. Comp., as amended by laws 1903, p. 204, requires an answer to contain a general or specific denial, and permits it to set forth any matter constituting a counterclaim. Plaintiff's testatrix agreed to devise a tract of 260 acres to defendant, her son; the agreement providing that he should occupy the lands meantime as lessee, and that any valuable improvements made thereon by him should belong to him, but 101 acres of the land were afterwards sold by an agreement between defendant and testatrix to pay notes executed by them. *Held*, that the value of any improvements placed by defendant upon the 101 acres sold, which resulted in a higher price being obtained, was a proper counterclaim resting on contract in an action by plaintiff as administratrix with the will annexed to recover the amount testatrix was compelled to pay as defendant's surety on the notes.

PLEADING—COUNTERCLAIM—AVERMENTS OF ANSWER—SUFFICIENCY.

2. Since an answer alleging a counterclaim must contain all the averments of a complaint and show that defendant would have been entitled to recover from the plaintiff in an independent action, the answer alleging the counterclaim for improvements was insufficient for not averring that any of the improvements were made on the 101 acres sold.

WILLS—PROPERTY DEVISED—SUBSEQUENT DEVISING.

3. Under Section 5573, B. & C. Comp., providing that any conveyance of realty by one after making his will shall not affect its operation upon such estate therein subject to intestate's disposal at his death, the conveyance by intestate of a part of devised property impliedly revoked such devise *pro tanto*.

SUBROGATION—PAYMENT BY SURETY—EFFECT.

4. Payment of promissory notes by the surety thereon had the effect of an assignment thereof so as to authorize an action against the principal.

WILLS—CHARGES ON LAND.

5. Where intestate devised a tract to her son and made a bequest to other children a charge thereon, but subsequently sold a part of the land

devised, the money bequeathed remained a charge upon the part of the land unsold.

ACTION—DEFENSE—EQUITABLE DEFENSES IN LEGAL ACTION.

6. In an action against defendant to recover money paid by testatrix as surety on notes executed by defendant as principal, the answer alleged an agreement of testatrix to devise a tract to defendant and a further agreement by which a part of the land was to be sold and the proceeds applied to the payment of notes executed by defendant and testatrix, including the notes paid by intestate, which notes were to have been marked paid out of defendant's expectancy in the land and surrendered to him in lieu of title to the part of the devised land sold, and that the notes were paid out of the proceeds of the land sold. *Held,* that the answer alleged an ordinary conversion of the land into a fund out of which the notes were to be paid, which was not a defense to a legal action and could only be set up by a complaint in equity in the nature of a cross-bill, under Section 391. B. & C. Comp., providing that, where defendant at law is entitled to relief in equity, he may on answering file a cross-bill in equity, when the case shall proceed as in equity, and further providing that the procedure in the suit shall be as provided in that title only, so that, no cross-bill having been filed, the answer stated no defense.

PLEADING—DEFENSES—WAIVER OF OBJECTION.

7. While the answer was insufficient as a legal defense, even when construed in view of the rule permitting a more liberal construction to the answer than is accorded to a complaint where no demurrer is filed, yet, since its sufficiency was not questioned in any manner until testimony was offered, justice requires that defendant be permitted to rely on the defense alleged therein.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by Mary E. Watson, as administratrix with the will annexed of the estate of Mary A. McLench, deceased, against F. G. McLench to recover $1,658.30, the amount of three promissory notes, which sum it is alleged, the plaintiff's testator, as surety for the defendant, was compelled to pay for him.

The complaint, so far as involved herein, states facts showing the defendant's liability as the principal on the notes, copies of which are set out as the bases for three separate causes of action.

The answer admits each averment of the initiatory pleading, except that either of the notes or any part thereof was paid by compulsion, which statement is denied. For a further defense to each cause of action

it is alleged in effect that on January 29, 1898, Mary A.
McLench was a widow and the owner in fee of 300 acres
of land in Polk County, on which day she entered into a
written contract with her daughters, the plaintiff and
Alice E. Caldwell, and with her son, the defendant, her
only offspring, setting forth a copy of the agreement,
whereby she stipulated that in consideration of her love
and affection, and of their covenants, she would make a
last will, bequeathing to Mrs. Caldwell $1,030 and devis-
ing to her 40 acres of land, particularly describing it,
which, by the contract, she leased during her life to that
daughter, who was required to give as rent therefor one-
third of the crops raised on the premises, bequeathing
to Mrs. Watson $2,100, and devising the remainder of
such land to her son, to whom, by the agreement, she
leased such realty during her life, and he was required
to give the same rent therefor that was exacted from
Mrs. Caldwell. Nothing was to be paid for any crops
that could be raised on such land which was then wild
but might be rendered tillable, and all valuable improve-
ments should belong to the lessee who placed them on
the premises. The real property to be given by will to
the son was made subject to the bequests of $1,030 and
$2,100, respectively, to his sisters, which donations were
to have been paid within a year after the testator's death,
and the sums so given were made liens upon the land
devised to him. In case of the death of either daughter
or son before the will took effect, the provision so made
was not to lapse, but the land was to descend, or the
money to be paid to her or his heirs at law. If the
rent reserved was insufficient for Mrs. McLench's sup-
port, the daughters and son covenanted equally to con-
tribute the deficiency.

The answer further states that at the same time, and
pursuant to the terms of the contract, Mrs. McLench
duly made and published her last will, setting out a copy

thereof; that she died December 4, 1907; that, such testament having been admitted to probate, the plaintiff was appointed and duly qualified as the administratrix of the estate with the will annexed; that, relying on the contract, the defendant entered into possession of the 260 acres of land leased to him, made valuable improvements thereon amounting to more than $1,700, and duly kept and performed his part of the agreement; that in the year 1906 he and his mother made another agreement, by the terms of which it was stipulated that 101 acres of the land demised to him should be sold and the proceeds applied to the payment of certain promissory notes that had been executed by them, including the negotiable instruments set forth in the complaint, which obligations were to have been marked, "paid out of the expectancy of F. G. McLench in the land," and surrendered to him in lieu of a title to the premises so sold; that he should pay her for the use of the remaining land an annual sum of $275, in place of the rent originally reserved; that pursuant to such agreement and with the consent of Mrs. Watson and Mrs. Caldwell the 101 acres were sold and conveyed for $4,053, from which sum the notes sued on were discharged, but were not marked or surrendered as agreed upon; and that the defendant has settled the rent specified, and fully performed all the terms of the contract, except paying Mrs. Caldwell the sum of $1,030 as the legacy due her, which bequest he is ready, able, and willing to discharge.

No demurrer was interposed to the answer, but the material allegations of new matter therein were denied by the reply, which averred, *inter alia,* that no valuable consideration existed for the execution of the contract to make a will, and that neither of Mrs. McLench's children was requested to contribute to her support; the rent reserved being ample for that purpose. A trial was had

on the issue hereinbefore stated, resulting in a judgment for the defendant, and the plaintiff appeals.

REVERSED.

For appellant there was a brief with oral arguments by *Mr. Myron E. Pogue* and *Mr. Ellis M. Palmer.*

For respondent there was a brief with oral arguments by *Mr. John Bayne* and *Mr. Charles L. McNary.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is maintained that the new matter in the answer does not constitute a counterclaim; that, if the facts there set up form a defense to the cause of action stated in the complaint, the plea was equitable in character, which, as no cross-bill was interposed, was unavailing; and that as the only issue to be determined was whether or not Mrs. McLench, as a surety for the defendant, was compelled to pay the notes in question, which dispute was determined by the testimony according to the averments of the complaint, an error was committed in refusing to direct a verdict for the plaintiff.

An answer must contain a general or specific denial of each averment of the complaint that is disputed by the defendant, and may set forth a statement of new matter constituting a defense or counterclaim. Section 73, B. & C. Comp., as amended (Laws 1903, p. 204). The set-off referred to must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be obtained in the action, and growing out of one of the following matters:

"(1) A cause of action arising out of the contract, or transaction set forth in the complaint as the foundation of the plaintiff's claim; (2) in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." Section 74, B. & C. Comp.

It will be remembered that the writing which Mrs. McLench signed January 29, 1898, provided that any valuable improvements made by the defendant upon the 260 acres of land specified should belong to him. It will also be kept in mind that the answer avers that he placed on the premises permanent improvements the worth of which exceeded $1,700. If such betterment augmented the value of the 101 acres of land which were sold, so that by reason of the improvement a greater compensation was realized than would otherwise have been obtained, the defendant might have been entitled to a credit for that sum as a counterclaim, arising on contract and existing at the commencement of this action.

2. An answer setting forth a counterclaim must contain the necessary averments of a complaint and state facts which show that the defendant is entitled to recover from the plaintiff, if an action had been instituted for that purpose: *Le Clare* v. *Thibault*, 41 Or. 601 (69 Pac. 552). The answer herein does not allege that pursuant to the terms of the contract any permanent improvements were made upon the particular tract of land that was sold. So far as disclosed by the defendant's pleading, all the lasting improvements may have been made on the 159 acres of land that remained, and such being the case, the facts stated are not pleaded as, and do not constitute, a counterclaim.

3. Though, a bond, covenant, or agreement made for a valuable consideration to convey real property, specified in a last will previously made, is not deemed a revocation of such prior devise (Section 5552, B. & C. Comp.), the voluntary conveyance for a valuable consideration by Mrs. McLench of the 101 acres of land, which she had antecedently devised to her son, took that real property out of the operation of her last will (Section 5573, B. & C. Comp.), which testament was thereby impliedly revoked *pro tanto*: *Graham* v. *Burch*, 47 Minn. 171 (49 N. W.

697: 28 Am. St. Rep. 339, 357) ; *Hattersley* v. *Bissett,* 51 N. J. Eq. 597 (29 Atl. 187: 40 Am. St. Rep. 532) ; *Ametrano* v. *Downs,* 170 N. Y. 388 (63 N. E. 340: 58 L. R. A. 719: 88 Am. St. Rep. 671).

4. When, as surety, Mrs. McLench gave to the holders of the promissory notes the sum respectively due each, the payment discharged an obligation which she had assumed, whereupon the instruments were, in effect, assigned to her, authorizing an action to be maintained against her son as the principal.

5. The will having been abrogated to the extent of the land which was conveyed, the bequests made to Mrs. Caldwell and Mrs. Watson of $1,030 and $2,100, respectively, continued a charge upon the remaining 159 acres of land that were devised to F. G. McLench. This equitable lien having been imposed on his land, as a security for the payment of the legacies given to his sisters, which larger sum he asserts has been discharged, if he is obliged to liquidate the bequest made to Mrs. Caldwell, the payments will disturb the distribution which Mrs. McLench intended to make when she executed her will.

6. The separate defense interposed seems to be based on the assumption that the part of the land devised to the defendant was, by a sale thereof pursuant to the agreement with his mother, converted into a fund out of which the notes described in the complaint, with others, were to have been paid, whereby the money so disbursed was to be treated as an advancement and in lieu of the land. Such averment is tantamount to an allegation of an equitable conversion, a doctrine invoked by courts of chancery in support of the maxim that equity regards as done what ought to be done. This principle, however, cannot be relied upon in a court of law. 7 Am. & Eng. Ency. Law (2 ed.) 465.

The matters thus alleged by the defendant, as a reason why the plaintiff should not recover herein what she

seeks, are facts which, in our opinion, do not constitute
a defense in a law action, but, if available at all, require
the interposition of a court of chancery, and are material
for his defense, necessitating the filing of a complaint
in equity in the nature of a cross-bill, which pleading
not having been tendered, the answer interposed does not
set up a defense.   Section 391, B. & C. Comp.

7. No demurrer to the answer was filed, and the court,
invoking the rule applicable in such cases, construed that
pleading with greater liberality than is usually accorded
to a complaint.   We believe, however, that the answer
is insufficient, even under the liberal rule referred to;
but, in view of the fact that the sufficiency of the defend-
ant's pleading was not challenged in any manner until
testimony in support of the averments was offered, jus-
tice demands that he ought to be permitted to interpose
the defense suggested, if it is availing.

The judgment is therefore reversed, and the cause
remanded for such further proceedings as may be neces-
sary, not inconsistent with this opinion.       REVERSED.

---

Decided December 31, 1910.

## ON PETITION FOR REHEARING.

[112 Pac. 416.]

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Both plaintiff and defendant have filed petitions for a
rehearing herein, but after carefully considering the
same we are still satisfied with our former conclusions.
We do not wish to be understood, in our former opinion,
as deciding absolutely that an equitable defense exists,
or in any way attempting to control or direct the circuit
court in its further disposition of this cause.   We only
suggest that there may be, in the questions raised by
appellant, such facts and defenses as might be appro-

priately set up in a cross-bill, and leave the case in such a position that the circuit judge may, in his discretion, after an examination of the testimony, permit one to be filed. Such discretion to permit or refuse the filing of a cross-bill should be, and no doubt will be, exercised by the lower court without reference to anything said by this court upon that subject.

Petition denied.     REVERSED: REHEARING DENIED.