Argued December 12, 1956, affirmed February 21, 1957

IN RE ESTATE OF BERT E. BOICE, DECEASED
SKOUSEN, ADMINISTRATOR *v.* ROELFS
307 P. 2d 324

*B. G. Skulason* and *Leroy B. Skousen,* Portland, argued the cause and filed a brief for appellant.

*S. J. Graham,* Portland, argued the cause for respondent. With him on the brief was Ben F. Forbes, Portland.

Before Tooze*, Acting Chief Justice, and Lusk, Brand and McAllister, Justices.

McALLISTER, J.

We are called upon to construe a paragraph of the will of Bert E. Boice, deceased, reading as follows:

"THIRD: To my stepson, GEORGE DAHL-HAMMER and to his sister, EDITH, should they, or either of them, survive me, I give, devise and bequeath the sum of Two Thousand Dollars ($2,000.00) each. Should the said George Dahlhammer or his sister Edith not survive me, then I direct that as to such devisee or legatee such bequest shall lapse. I further direct that said sums of Two Thousand Dollars ($2,000.00) each shall be paid out of the sale of certain real property which I now own in Multnomah County, Oregon, on the Rockwood Road between the Section Line and Powell Valley Roads, and I further direct that in the event said real property shall be sold by me, or under my direction, prior to my demise, and

---

* Walter L. Tooze, A.C.J., died December 21, 1956.

I shall have paid the sum of Two Thousand Dollars ($2,000.00) to said George Dahlhammer or his sister Edith, or either of them, prior to my demise, that the bequest herein provided for shall lapse.''

The real property on the Rockwood road referred to above consisted of two contiguous tracts, designated in the record as tract No. 1 containing 15.54 acres, and tract No. 2 containing 8.9308 acres.

On April 4, 1926, Benjamin F. Dahlhammer was the owner of tract No. 1 and he and his wife, Pearlettie A. Dahlhammer, were the owners of tract No. 2 as tenants by the entirety. Benjamin F. Dahlhammer died intestate in Multnomah County on April 4, 1926, leaving surviving him as his only heirs at law his widow, Pearlettie A. Dahlhammer, his son George and his daughter Edith.

On June 15, 1927, the widow, Pearlettie A. Dahlhammer, married Bert E. Boice. After this marriage, the title to both tract No. 1 and tract No. 2 was transferred by various conveyances to Bert E. Boice and Pearlettie A. Boice as tenants by the entirety. Pearlettie A. Boice died on October 4, 1943, and thereafter Bert E. Boice claimed to be the owner of both tracts of the Rockwood road property as the surviving tenant by the entirety.

On August 12, 1949, when Bert E. Boice made his last will containing the paragraph quoted above, he apparently believed that he was the sole owner of the said real property and according to appellant's brief, in making the bequests of $2,000.00 each to George and Edith, he ''was giving to the stepchildren what he believed to be an amount fairly covering whatever interest they might have in the property, because formerly owned by their mother.''

On February 16, 1950, George Dahlhammer and

his sister Edith Dahlhammer Roelfs filed a suit in the circuit court for Multnomah county against their stepfather, Bert E. Boice, to impress a trust in their favor upon both tracts of the Rockwood road property. The circuit court entered a decree on November 6, 1951, holding that George and Edith were the owners in fee of tract No. 1 but had no interest in tract No. 2. The case was appealed to this court which held that George had no interest in either tract but that Edith was the owner of an undivided one-half interest in tract No. 1. A more detailed narrative of the transactions concerning this property and the background of this litigation is contained in our opinion in *Dahlhammer and Roelfs v. Schneider, Exec.*, 197 Or 478, 252 P2d 807.

Bert E. Boice died on November 13, 1952, while the above case was pending on appeal in this court and C. G. Schneider was appointed executor of his estate. Schneider died before the probate was completed and the appellant Leroy B. Skousen was appointed in his stead as administrator with the will annexed.

The executor paid the bequest of $2,000 to George Dahlhammer but filed his final account without paying the like bequest to Edith. Edith objected to the final account because her legacy had not been paid and after a hearing, the circuit court held the legacy valid and ordered that it be paid. From that order this appeal has been taken.

The appellant contends that the legacy to Edith "is specific and payable only out of a sale of the real property and since the testator did not own the property at the time of his death, the legacy lapsed."

 Legacies are usually classified as general, specific or demonstrative. *In re Preston's Estate*, 157 Or 631, 73 P2d 369, includes an informative discussion

of the elements of specific and demonstrative legacies and a definition of each, as follows:

"A demonstrative legacy is a "gift of money or other property charged on a particular fund in such way as not to amount to a gift of the corpus of the fund, or to evidence an intent to relieve the general estate from liability in case the fund fails ['"]: Nusly v. Curtis, 36 Colo. 464 (85 P. 846, 7 L. R. A. (N.S.) 592, 118 Am. St. Rep. 113, 10 Ann. Cas. 1134), cited with approval in 28 R. C. L. 292.

"As stated in Walls v. Stewart, 16 Pa. St. 275, a specific legacy is one ' "where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intent to burden that object alone with the payment, * * * and consequently liable to be adeemed by the alienation or destruction of the object.'' ' It is a gift of a part of the decedent's estate identified and differentiated from all other parts: 28 R.C.L. 291."

The intention of the testator is the controlling factor in determining the nature of the legacy to Edith. The rule is thus clearly stated in 57 Am Jur 939, Wills § 1405:

"* * * The modern authorities are in general agreement that the nature of a legacy as specific, general, or demonstrative is to be determined in accordance with the intention of the testator, which is to be gathered not merely from the language of those clauses establishing the particular gift in question alone, but from the will as a whole, and the circumstances surrounding the testator at the time of its execution."

We also take note of the tendency of the courts to favor general or demonstrative legacies, as pointed out in 57 Am Jur 940, Wills § 1406 in the following language,

"It is the tendency of the courts to construe legacies of a doubtful nature as general or demon-

strative rather than specific, it being variously said in this connection that the courts are not inclined to favor specific legacies, that the presumption of intention is in favor of general legacies in the first instance, that the law leans against specific legacies and toward general ones, and that legacies will be construed as specific only when the intention of the testator to make them such is clear and unmistakable. The aversion of the courts toward construing legacies as specific is usually attributed to the fact that such gifts are subject to ademption in the event their subject matter is disposed of by the testator after execution of the will, a result which is regarded as imposing hardship on the legatee. * * *''

Viewing the language of the will in the light of the above principles, we are satisfied that the bequest to Edith was not a specific legacy but a demonstrative or general one which neither lapsed nor was adeemed because Bert E. Boice owned a lesser interest in the Rockwood road property at the time of his death than he thought he owned when he made his will.

The first sentence of the third paragraph of the will, taken alone, bequeaths a general legacy: ''* * * and to * * * EDITH * * * I give, devise and bequeath the sum of Two Thousand Dollars * * *.'' And we find no language indicating an intention of the testator to make this bequest payable only out of a specific fund and not otherwise. The direction that the legacy is to be paid ''out of'' the sale of the Rockwood road property only indicates the primary source of payment and at most makes the legacy demonstrative rather than general.

If the legacy had been specific and payable only out of the proceeds of a sale of the Rockwood road property and not otherwise, the legacy ordinarily

would have been adeemed by the disposition of the property by the testator during his lifetime. In this case, however, the testator made certain that the legacy would not lapse by a sale of the property during his lifetime by specifically providing that the legacy would only lapse if (1) the property was sold and (2) if the sum of $2,000 was paid to Edith prior to his demise. The testator clearly intended that payment of the legacy was the controlling factor in determining whether the legacy should lapse, rather than a sale or other disposition of the property.

At the time of his death, Bert E. Boice still owned an undivided one-half interest in tract No. 1 and all of tract No. 2 which was more than sufficient to pay the legacies which he had directed his executor to pay from that primary source. Under these circumstances the bequest to Edith even if it had been a specific legacy would not have lapsed. In 4 Page on Wills 374, § 1522, it is said: "If a pecuniary legacy is charged upon realty which is devised, and testator conveys a part thereof during his lifetime, the legacy remains a charge upon the part of such realty which testator did not convey. * * *", citing *Watson v. McLench,* 57 Or 446, 110 P 482. See also 57 Am Jur 1081, Wills § 1581.

The appellant argues that Boice did not intend that Edith should receive $2,000 plus the amount received by her from the sale of her one-half interest in tract No. 1 and intimates that if Boice had anticipated the final outcome of the prior litigation, he would have changed his will. Although it is not controlling, we note that during the interval of nearly two years and nine months from the filing of the suit by George and Edith to recover the Rockwood road property until his death, Bert E. Boice made no change in his

will. The decree of the lower court awarding George and Edith the entire fee in tract No. 1 was entered approximately a year before Boice died. If Mr. Boice had wanted to restrict the legacy granted to Edith, he had ample opportunity so to do. We obviously have no authority to change his will.

The decree is affirmed.