## 38076. LAVENDER v. COOPER et al.

JORDAN, Chief Justice.

The single issue presented is whether the legacy to Ollie McDaniel Coody (now Ollie Virginia Lavender, the appellant) was specific and adeemed or whether it was demonstrative and did not adeem. The trial court construed the legacy to be specific and held that it had adeemed because a certain savings certificate was not found among the assets of the testatrix after her death.

Item Four of the last will and testament of Bessie Mae Coody provided: "I hereby will and bequeath unto my daughter-in-law Ollie McDaniel Coody the house trailer now occupied by me together with the sum of $8,000.00. Said $8,000.00 bequest to be paid from savings

certificate I now hold in Planters Bank, which certificate has the name Ollie McDaniel Coody as co-owner thereon and being the sum of money received by me from the proceeds of an insurance policy on the life of my late son, Dudley. Said trailer and sum of money to be the property of Ollie McDaniel Coody to do with as she sees fit."

Item Seven of the will provided: "I have funds on deposit, represented by savings certificates, in Planters Bank, Hawkinsville, Georgia, and I hereby will and bequeath such sums represented by such savings certificate or certificates unto my grandchildren, Tommy Franklin Coody, Wanda Gale Coody, Billy Glynn Coody and Judith Elane Coody, to be theirs equally, share and share alike, to do with as they see fit. This bequest in this item of my will shall not apply to the $8,000.00 certificate referred to and bequeathed to Ollie McDaniel Coody in Item Four of this my will."

The parties stipulated that an $8,000.00 Planters Bank savings certificate in the names of the testatrix and the appellant was not found among the assets of the testatrix after her death, but that an $8,000.00 Planters Bank savings certificate in the name of the testatrix alone was found among her assets after her death.

We reverse because we construe the legacy to be demonstrative rather than specific. *Dubose v. Box,* 246 Ga. 660 (273 SE2d 101) (1980); *Young v. Young,* 202 Ga. 694 (44 SE2d 659) (1947).

The intention of the testatrix expressed in Item Four of the will, insofar as it is material to this appeal, was to give the appellant "the sum of $8,000.00." That an unconditional gift to the legatee of that sum of money was intended by the testatrix is indicated not only by the foregoing language but as well by her expressed intention that "Said . . . sum of money [is] to be the property of Ollie McDaniel Coody to do with as she sees fit." The gift was of the sum of money, not of the certificate. The certificate merely was designated as the fund or property from which the unconditional gift of the sum of money was to be paid.

On the other hand, Item Seven of the will refers to "the $8,000.00 certificate referred to and bequeathed to Ollie McDaniel Coody in Item Four of this my will," a seeming gift of a certificate rather than of a sum of money. The trial court gave effect to the language in Item Seven rather than Item Four.

The characteristics of the legacy created by the testatrix in Item Four are those of a demonstrative legacy rather than of a specific legacy. A demonstrative legacy designates the fund or property from which it is to be satisfied but nevertheless is an unconditional gift to the legatee of the amount specified. *Dubose v. Box,* supra, at 666. Had the testatrix intended the appellant to have a particular certificate of deposit and none other, instead of a specific sum of money, she

doubtless would have used such language in the item of her will establishing the bequest for the appellant, thereby creating a specific legacy of the certificate. *Young v. Young,* supra, at 703.

The intention of the testatrix expressed in Item Seven was to provide bequests of equal sums of money to her named grandchildren payable from Planters Bank savings certificates other than the certificate to which reference previously had been made in Item Four. We do not find from the language employed in Item Seven an intention to revoke the demonstrative legacy established in Item Four and to substitute instead a specific legacy because Item Seven provides for named grandchildren whereas Item Four provides for the testatrix's daughter-in-law, the appellant. The pattern of giving expressed throughout the will is for bequests and devises to be made to named persons in different items of the will. It is not reasonable to assume that the testatrix departed from this scheme or plan and changed in Item Seven a bequest established by Item Four.

The trial court should have ordered the bequest to the appellant satisfied out of the general assets of the estate, including the $8,000.00 Planters Bank savings certificate in the sole name of the testatrix. *Dubose v. Box,* supra, at 666.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 5, 1982.

*Lawson & Hanks, H. Douglas Hanks,* for appellant.
*Lovejoy Boyer, Duross Fitzpatrick, W. Dennis Mollis,* for appellees.