**Danaan SMITH, Appellant,**

**v.**

**The ESTATE OF Donald Gene PETERS a/k/a James A. Ball, Appellee.**

**No. S–1526.**

Supreme Court of Alaska.

Sept. 4, 1987.

Martin Friedman, Homer, for appellant.

Gregory C. Taylor, Jermain, Dunnagan & Owens, P.C., Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

This is an appeal from the superior court's disposition of the estate of Donald Gene Peters, also known as James A. Ball. Peters died unmarried and intestate on July 18, 1984. He was survived by two heirs, a brother and a sister,[1] who were awarded the right to inherit Peters' entire estate under Alaska's intestacy statute, AS 13.11.015(3).[2] The appellant Danaan Smith objects to this distribution based on a letter bequeathing $10,000 to her. The issue is whether Smith's bequest was extinguished by ademption during Peters' lifetime.

### I. FACTS AND PROCEEDINGS

In 1971, Peters made a bequest of $10,000 to Danaan Smith, the granddaughter of a close friend. In letter form he wrote:

In the event of my demise, I request that a large portion of my estate (namely $10,000) be used for the express purpose of paying Danaan Smith's educational expenses.... Assets to cover said above statement are currently held by 1st [N]ational Bank of [A]nchorage & Foster & Marshall Inc. [A]nchorage.

During the years between the signing of this letter and his death, Peters made substantial changes in his financial holdings. Peters closed the Foster & Marshall account, sold the stock contained in it and loaned the proceeds to his sister. He closed the account at the First National Bank as well and transferred the funds to a different institution. At the time of his death Peters held less than $2,000 in any financial institution. The bulk of his estate was invested in personal property which was not traced to the two relevant accounts.

Smith submitted the letter bequest to Peters' estate following his death. Peters' brother and sister objected to Smith's claim, arguing that Peters intended to adeem the Smith bequest when he closed the accounts at the First National and Foster & Marshall. The administratrix petitioned the court for a determination of heirship and distribution on October 9, 1985. The probate master recommended that Smith's claim be denied. The superior court accepted the master's recommendations.

In this appeal Danaan Smith contends that the bequest was demonstrative rather than specific and that it could not be extinguished by ademption. We agree that the bequest was demonstrative and remand for further proceedings.

### II. DISCUSSION

Legacies are usually classified as general, demonstrative, or specific. *In re Boice's Estate*, 209 Or. 521, 307 P.2d 324, 325 (1957). A demonstrative legacy is a sum of money or some other certain quantity that is to be satisfied out of a particular fund or property. It differs from a specific legacy in that it remains payable even if the designated fund fails, so long as the estate contains other property which is not specifically bequeathed or devised and which is sufficient to satisfy the gift. 6 W. Bowe and D. Parker, *Page on Wills* § 48.7, at 27 (rev. ed. 1962) (hereafter *"Page on Wills"*); T. Atkinson, *Law of Wills* § 132, at 734–35 (2d ed. 1953) (hereafter *"Law of Wills"*). A specific legacy is a gift of a particular item or a sum of money from a particular source, which can be satisfied only by delivery of the specific item. 6 *Page on Wills* § 48.4, at 15–16, § 48.8 at 27–28; *Law of Wills* § 132, at 732. If the testator disposes of the specific item or if it is destroyed during his lifetime, the legacy is completely extinguished and is said to be adeemed. *Id.*

---

**1.** Peters' only child, an illegitimate daughter, had been adopted in New York in 1961 by another man. The master found that the child was not entitled to inherit under the laws of New York or Alaska.

**2.** Alaska Statute 13.11.015(3) distributes the intestate's estate to the issue of his parents when he dies without surviving spouse, issue, or parent.

▮▮ Whether a legacy is demonstrative or specific is a question of the testator's intent, determined by the language of the devise, the language of the will as a whole, and the circumstances existing at the time of the will's execution. *In re Boice's Estate*, 307 P.2d at 326, citing 57 Am. Jur. *Wills* § 1405, at 939. Because the testator's intent is a question of fact, the trial court's decision to label a legacy as demonstrative or specific will not be set aside unless it is clearly erroneous. Alaska R.Civ.P. 52(a).

In this case we believe that the superior court's finding of a specific bequest was clearly erroneous. The evidence shows that Peters intended to bequeath a demonstrative gift to Smith, one which could be satisfied from the general assets of his estate in the event that the designated accounts were destroyed.

The bequest begins by stating that "a large portion of my estate" should be used to pay Smith's college expenses. This indicates an intent to encumber Peters' entire estate with the gift.[3] The note then provides that "[a]ssets to cover [the $10,000 bequest] are currently held by the 1st [N]ational Bank of [A]nchorage & Foster & Marshall Inc. [A]nchorage." The phrase "currently held by" implies that assets to cover the bequest may be found at another location at a later date. Our decision on this matter is based in part on analogous bequests which order the estate to pay a bequest "out of" a designated source. Such bequests are commonly construed to designate a primary but not an exclusive source of payment. In other words, they are viewed merely as a direction to satisfy the bequest out of the designated source first, before other sources are tapped.[4]

Even when there is no language indicating an intent to burden the entire estate with the bequest, courts tend to imply such an intent, unless the testator provides explicit language to the contrary. *In re Boice's Estate*, 307 P.2d at 326. In order to prevent the unintended destruction of a gift, courts are inclined to resolve doubts in favor of the demonstrative rather than the specific bequest. 6 *Page on Wills* § 54.1, at 735; *Law of Wills* § 132, at 134–35.[5] Here we see no explicit language indicating that the $10,000 bequest to Danaan Smith was to be satisfied only from the monies remaining in the First National Bank and Foster & Marshall accounts at the time of Peters' death.[6] We therefore hold that the

---

3. *Compare Estate of Stalnaker*, 330 Pa.Super. 399, 479 A.2d 612, 613–14 (1984), where the testator requested that $30,000 "be re-apportioned from my estate" to the legatee. The language was found to indicate an intent to hold the testator's entire estate liable for the legacy. Testator's subsequent direction to pay the sum "from insurance monies" was only "an indication of a convenient source for satisfying such legacy." *Id.* at 615. In light of the testator's opening language, it would not be viewed as the sole source of the legacy.

4. *See Lavender v. Cooper*, 248 Ga. 685, 285 S.E.2d 528, 529–30 (1982) (bequest of $8,000 to be paid from a jointly owned savings certificate was a demonstrative gift which could be satisfied by a different certificate of the same amount); *Norton-Children's Hospitals v. First Kentucky Trust Co.*, 557 S.W.2d 895 (Ky.App. 1977) (several large bequests to be paid out of a particular fund were found to be demonstrative rather than specific); *In re Boice's Estate*, 209 Or. 521, 307 P.2d 324, 326 (1957) (a bequest to pay $2,000 out of proceeds from sale of real property did not fail when proceeds proved insufficient to satisfy the full bequest).

5. Appellees have provided us with only one case which implied a specific bequest in the absence of explicit language. *Hart v. Brown*, 145 Ga. 140, 88 S.E. 670, 671–72 (1916), held that legacies of $3,000 with the bank of I.C. Plant's Son, and $2,000 in the Exchange Bank were specific gifts of these accounts, rather than gifts of the named sum of money.

6. Compare the following specific bequests. *Williamson v. Merritt*, 257 Ark. 489, 519 S.W.2d 767, 768–69 (1975) (bequest of "my savings account in First Federal Savings and Loan" was specific gift of the account); *In re Estate of Brown*, 145 Ind.App. 591, 252 N.E.2d 142 (1969) (legacy of "all my right, title and interest in and to the estate of" a deceased brother was a specific gift of the estate proceeds); *Estate of Biss*, 232 Or. 26, 374 P.2d 382 (1962) (bequest of "all monies I may have in my account at the Klamath Agency" was a specific gift of the account); *Willis v. Barrow*, 218 Ala. 549, 119 So. 678, 679–80 (1929) (bequest of all money on deposit in one bank, and a fraction of the money on deposit in another, was a specific gift of the bank accounts). Each case involves the explicit and unmistakeable bequest of the account itself, rather than a sum of money to be satisfied primarily out of a designated account.

gift was not destroyed when the two accounts were closed.

We will construe a bequest so as to give effect to the testamentary document that the decedent left behind if such a construction is reasonable. Wills should be construed to avoid intestacy whenever possible. *Drach v. Ely*, 237 Kan. 654, 703 P.2d 746, 749 (1985); *New Mexico Boys Ranch, Inc. v. Hanvey*, 97 N.M. 771, 643 P.2d 857, 859 (1982). Here, we find that it is reasonable and necessary to construe the letter bequest to Smith as a demonstrative bequest in order to effect the testator's intent.

REVERSED and REMANDED for further proceedings consistent with this opinion.