S05A1128. TRAVIS et al. v. TRAVIS.
(621 SE2d 721)

BENHAM, Justice.

The parties to this appeal are siblings whose late mother's will named appellee Jane Travis (JT) executrix of their mother's estate. Appellants Karl Travis (KT) and Marianne Travis (MT), JT's brother and sister, filed a motion in probate court to cite JT for contempt for having failed to convey specific property to them. The motion alleged the will required the devise to each of them of a one-third undivided interest in each of three parcels of land and, citing OCGA § 53-8-15 (d), sought an order requiring JT to deed the property as they claimed the will required. After a hearing, the probate court entered an order citing OCGA § 53-8-10 (a) as authority for a personal representative to sell or lease property and noting that JT is attempting to sell two of the properties, the testatrix's home and a tract of undeveloped land, and that KT and MT are receiving income from the third property pursuant to a lease between JT and their mother. The probate court concluded by ordering JT to provide an annual accounting, to communicate in writing concerning any change in the status of the estate or the sale of two of the properties, and to provide access for KT and MT to all records pertaining to the accounting, but denying all other requested relief. The position taken by KT and MT in the trial court and on appeal is that the will required the real property at issue be deeded to them rather than permitting JT to sell or lease the properties and distribute their share of the proceeds to them, and that OCGA § 53-8-15 (d) entitled them to an order requiring JT to issue the deeds.

Item V of the will bequeaths his father's tools and personal belongings to KT, her mother's personal belongings to MT, and the right to continue leasing specified realty to JT, all of which are specific

testamentary gifts in that the will "directs the delivery of property particularly designated." OCGA § 53-4-59; *Young v. Young*, 202 Ga. 694, 701 (44 SE2d 659) (1947). In the next paragraph of the will, Item VI, the testatrix provided as follows: "I hereby give, devise and bequeath all the rest and remainder of my estate, real, personal or mixed to my three children, . . . share and share alike, *per stirpes*." That is a residuary testamentary gift, one which "includes all the property of the estate that is not effectively disposed of by other provisions of the will." OCGA § 53-4-59; *Young v. Young*, supra. A residuary testamentary gift is a general testamentary gift (id.), and by definition, a general testamentary gift "does not direct the delivery of any particular property." OCGA § 53-4-59. Thus, contrary to the position taken by KT and MT, Item VI of their mother's will did not direct the delivery to them of any specific property remaining in the estate after the specific testamentary gifts designated in Item V. In fact, the will gave JT as executrix specific authority to sell any property in the estate and, as noted above, gave JT as a beneficiary of the will the right to continue leasing part of the real property involved. Appellants are not, therefore, entitled to have undivided shares of the real property deeded to them. That being so, appellants' other contention regarding OCGA § 53-8-15 (d) is moot.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2005.

*Robert P. McFarland*, for appellants.
*Moore, Ingram, Johnson & Steele, Kelli L. Wolk*, for appellee.